SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Shardé T. Skahan (SBN 286157)
sskahan@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
NATIONAL EXPRESS TRANSIT
CORPORATION (erroneously sued as
NATIONAL EXPRESS TRANSIT, INC.) and
MICHELLE JORGENSEN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MOREN, PATRICIA BROWN and EVETTE PAREDES,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NATIONAL EXPRESS TRANSIT, INC., MICHELLE JORGENSEN, and DOES 1 THROUGH 100, INCLUSIVE,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441(A) AND (B)**<br><br>[Kern County Superior Court Case No. BCV-21-101119]<br><br>State Action Filed:  May 17, 2021 |

72789347v.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.     BACKGROUND ...................................................................................................1

II.    TIMELINESS OF REMOVAL ..........................................................................2

III.   DIVERSITY JURISDICTION ...........................................................................3

    A.    Plaintiffs Are Citizens Of California.......................................................3

    B.    Defendant NETC Is A Citizen Of Delaware And Illinois, Not
           California...................................................................................................4

    C.    Michelle Jorgensen's Citizenship Should Be Disregarded For
           Determining Diversity Because She Is A Sham Defendant.........................5

    D.    Doe Defendants May Be Disregarded.....................................................7

IV.    AMOUNT IN CONTROVERSY EXCEEDS $75,000.........................................7

    A.    Plaintiffs' Alleged Lost Wages and Benefits.................................................9

        1.    Plaintiff Moren's Alleged Lost Wages Exceed $75,000 .....................9

        2.    Plaintiff Paredes' Alleged Lost Wages Exceed $75,000...................10

        3.    Plaintiff Brown's Allegations of Lost Wages....................................11

    B.    Alleged Emotional Distress Damages........................................................12

    C.    Alleged Punitive Damages .........................................................................13

    D.    Alleged Attorneys' Fees ............................................................................14

V.     VENUE..............................................................................................................15

VI.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND SUPERIOR
       COURT..............................................................................................................16

VII.   PRAYER FOR REMOVAL ..............................................................................17

i

72789347v.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ackerman v. Western Elec. Co., Inc.*,
    643 F. Supp. 836 (N.D. Cal. 1986) .................................................................10

*Bales v. Cty. of EL Dorado*,
    No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235 (E.D. Cal. Sept. 20,
    2018) ................................................................................................................7

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F. Supp. 2d 1004 ......................................................................................15

*Cassino v. Reichhold Chemicals, Inc.*,
    817 F.2d 1338 (9th Cir. 1997) ........................................................................10

*Castanon v. Int'l Paper Co.*,
    2016 WL 589853 (C.D. Cal. February 11, 2016)..............................................4

*Crangle v. Stanford Univ.*,
    2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) .............................................14

*Crone v. Tracy Unified Sch. Dist.*,
    No. 2:20-CV-01451-JAM-AC, 2020 WL 7182345 (E.D. Cal. Dec. 7,
    2020) ................................................................................................................6

*Crum v. Circus Circuit Enters.*,
    231 F.3d 1129 (9th Cir. 2000) ........................................................................10

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ...........................................................................8

*Davis v. HSBC Bank Nevada, N.A.*,
    557 F.3d 1026 (9th Cir. 2009) .........................................................................4

*Dodson v. Spillada Maritime Corp.*,
    951 F.2d 40 (5th Cir. 1992) .............................................................................6

*Fristoe v. Reynolds Metals Co.*,
    615 F.2d 1209 (9th Cir. 1980) .........................................................................7

ii

72789347v.4

*Fritsch v. Swift Transp.*,
    899 F. 3d 785 (9th Cir. 2018) ........................................................................14

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) .................................................................8, 14

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ..........................................................................8

*Glenn-Davis v. City of Oakland*,
    2008 WL 410239 (N.D. Cal. 2008) ..............................................................10

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010)............................................................................................5

*James v. Childtime Childcare, Inc.*,
    2007 WL 1589543 (E.D. Cal. June 1, 2007) ...............................................10

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ..........................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ........................................................................4

*Lewis v. Time, Inc.*,
    83 F.R.D. 455 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)................6

*Lyon v. W.W. Grainger Inc.*,
    2010 WL 1753194 (N.D. Cal. Apr. 29, 2010)...............................................14

*McCabe v. Gen. Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ........................................................................6

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ........................................................................5

*Richmond v. Allstate Ins. Co.*,
    897 F.Supp. 447 (S.D. Cal. 1995)..................................................................13

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) ....................6

iii

72789347v.4

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...................................................................7

*Secru v. Laboratory Corp. of America*,
    2009 WL 3755763 (D. Nev. Nov. 9, 2009) .......................................10

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ..............................................................4

*Thompson v. Big Lots Stores, Inc.*,
    2017 U.S. Dist. LEXIS 20094 (E.D. Cal. 2017).............................12, 13, 14, 15

*Traxler v. Multnomah County*,
    569 F.3d 1007 (9th Cir. 2010) ...........................................................10

*Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*,
    222 U.S. 39 (1911)................................................................................8

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ............................................................8

**Federal Statutes**

28 U.S.C. § 1332 ...........................................................................1, 7

28 U.S.C. § 1332(a) ...................................................................5, 8, 15

28 U.S.C. § 1332(a)(1)....................................................................3

28 U.S.C. § 1332(c) ..........................................................................7

28 U.S.C. § 1332(c)(1)....................................................................5

28 U.S.C. § 1332(d) .........................................................................5

28 U.S.C. § 1391(a) .......................................................................16

28 U.S.C. § 1441(a) .............................................................1, 3, 7, 16

28 U.S.C. § 1441(b) .........................................................................1

28 U.S.C. § 1446 .............................................................................1

28 U.S.C. § 1446(a) .......................................................................16

iv

28 U.S.C. § 1446(b) ........................................................................3

28 U.S.C. § 1446(b)(3).....................................................................3

28 U.S.C. § 1446(c) ........................................................................3

28 U.S.C. § 1446(d) ......................................................................16

**State Statutes**

California Family Rights Act.......................................................1, 2

Labor Code § 232.5.......................................................................1

Labor Code § 1102.5..........................................................1, 6, 7, 13

Labor Code § 6310........................................................................1

**Rules**

Federal Rule of Civil Procedure 6(a) ...........................................3

Federal Rule of Civil Procedure 12(b)(6) ...................................7

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct., Sept. 23,
    2011) ...............................................................................13

*Carter v. CB Richard Ellis*,
    2001 WL 34109371 (Orange County Sup. Ct., Oct. 7, 2001)...........14

*Casillas v. Central Cal. Faculty Medical Grp, Inc. D/B/A Univ. North
    Medical Specialty Center*,
    15-CECG-00549, JVR No. 1707100033, 2016 WL 9281429 (Fresno
    County Sup. Ct., Oct. 27, 2016) ........................................13

*Comey v. County of Los Angeles*,
    2007 WL 3022474 (Los Angeles County Sup. Ct., Aug. 15, 2007) .................12

*Conney v. University of California Regents*,
    2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004)...................12

v

72789347v.4

*Denenberg v. California Dep't of Trans.*,
  2007 WL 2827715 (San Diego County Sup. Ct., Sept. 14, 2006)......................15

*DFEH v. County of Riverside*,
  2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003) ......................12

*Elliott v. City of Gardena*,
  2001 WL 1255712 (Los Angeles County Sup. Ct., July 23, 2001)....................12

*Gallegos v. Los Angeles City College*,
  2003 WL 23336379 (Los Angeles County Sup. Ct., Oct. 16, 2003).................15

*Kell v. AutoZone Inc.*,
  No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010)......13

*Linda Moren, Patricia Brown, and Evette Paredes v. National Express Transit, Inc., Michelle Jorgensen*,
  Case No. BCV-21-101119 ................................................................................1

*McMillan v. City of Los Angeles*,
  2005 WL 3729094 (Los Angeles County Sup. Ct., Mar. 21, 2005).................15

*United States v. CardioDx, Inc.*,
  No. 15-CV-01339-WHO ...................................................................................7

NOTICE OF REMOVAL

72789347v.4

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendants National Express Transit Corporation (erroneously sued as National Express Transit, Inc.) ("NETC") and Michelle Jorgensen (collectively, "Defendants") hereby remove the above-referenced action from the California Superior Court, County of Kern, pursuant to 28 U.S.C. sections 1441(a) and (b) and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). Removal is proper for the following reasons:

**I.    BACKGROUND**

1.    Defendants seek to remove to federal court an action filed on behalf of Linda Moren, Patricia Brown, and Evette Paredes ("Plaintiffs") in the Superior Court of the State of California for the County of Los Angeles entitled *Linda Moren, Patricia Brown, and Evette Paredes v. National Express Transit, Inc., Michelle Jorgensen,* Case No. BCV-21-101119.

2.    Plaintiff Moren is a former employee who worked at NETC's Bakersfield, California facility from September 25, 2017 until July 29, 2020. Plaintiff Paredes is a former employee who worked at NETC's Bakersfield, California location from December 29, 2016 until her resignation on February 17, 2021. Plaintiff Brown is a current employee who has worked at NETC's Bakersfield, California location since December 2, 2019. On May 17, 2021, Plaintiffs filed their Complaint against Defendants, alleging eleven claims: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of Labor Code Section 1102.5; (3) Violation of Labor Code Section 232.5; (4) Violation of Labor Code Section 6310; (5) Disability Discrimination; (6) Failure to Accommodate; (7) Failure to Engage in an Interactive Process; (8) Violation of California Family Rights Act; (9) Violation of California Family Rights Act -

72789347v.4

Interference with Family Leave Rights; (10) Violation of the California Family Rights Act - Retaliation; and (11) Failure to Prevent/Correct Discrimination.

3.      On June 18, 2021, NETC's registered agent for service of process in California received, via process server, the Summons and Complaint.  A true and correct copy of the packet received by NETC, including the Complaint, is attached hereto as **Exhibit A**.

4.      On July 7, 2021, Plaintiffs personally served Jorgensen, who is the General Manager of NETC's Bakersfield, California facility, with a copy of the Summons and Complaint.  Jorgensen consents to and joins in this removal.  A true and correct copy of the service packet Jorgensen received is attached hereto as **Exhibit B**.

5.      Defendants are not aware of any Doe defendant having been served with a copy of the Summons and Complaint.

6.      On July 14, 2021, Defendant NETC timely filed its Answer as to Plaintiffs Moren's and Paredes' Complaint in the Kern County Superior Court.  A true and correct copy of the Answer filed is attached **Exhibit C**.

7.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A, B,** and **C**, in this action prior to this Notice of Removal.  (Declaration of Shardé T. Skahan ("Skahan Decl."), ¶ 3.)

8.      The Kern County Superior Court has scheduled a Case Management Conference for November 15, 2021.  (Skahan Decl. ¶ 4.)

9.      As discussed in greater detail below, NETC is a citizen of Delaware and Illinois.  Plaintiffs also name Jorgensen as a Defendant, but Jorgensen is a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, she can and should be disregarded.

## II.      TIMELINESS OF REMOVAL

10.     This Notice of Removal is filed within one year of the commencement of this action, which took place on May 17, 2021.  This Notice of Removal is also filed

2

72789347v.4

within 30 days of the first valid service of the Complaint on a defendant, NETC, which took place on June 18, 2021.  28 U.S.C. § 1446(b).  Thus, removal is timely pursuant to 28 U.S.C. sections 1446(b)(3) and (c) and Rule 6(a) of the Federal Rules of Civil Procedure.  Jorgensen, who was served on July 7, 2021, consents to this removal.

## III.   DIVERSITY JURISDICTION

11.   The Court has original diversity jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) because the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, and the action is between citizens of different states.

### A.   Plaintiffs Are Citizens Of California

12.   Plaintiffs are, and at all times since the commencement of this action have been, residents of the State of California.

13.   Plaintiffs allege in the Complaint that, "Plaintiffs, LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES . . . are and were at all times mentioned herein working in the State of California, County of Kern."  (**Ex. A,** ¶ 1.)

14.   Plaintiff Moren resides in California.  Evidence that Plaintiff Moren resides in California can be found in the fact that, throughout her employment with NETC, Plaintiff listed her home address in Bakersfield, California as her residence for the purposes of her personnel file, payroll checks, and tax withholdings.  (Declaration of Don Swain ("Swain Decl."), ¶ 4.)

15.   Plaintiff Brown also resides in California.  Evidence that Plaintiff Brown resides in California can be found in the fact that, throughout her employment with NETC, Plaintiff listed her home address in Bakersfield, California as her residence for the purposes of her personnel file, payroll checks, and tax withholdings.  (Swain Decl., ¶ 5.)

16.   Plaintiff Paredes also resides in California.  Evidence that Plaintiff Paredes resides in California can be found in the fact that, throughout her employment with

NOTICE OF REMOVAL

72789347v.4

NETC, Plaintiff listed her home address in Bakersfield, California as her residence for the purposes of her personnel file, payroll checks, and tax withholdings.  (Swain Decl., ¶ 6.)

17.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

18.    By asserting that they worked in California, and providing their California residence addresses to their employer, NETC, Plaintiffs have demonstrated "an intent to remain" in California, establishing Plaintiffs' domicile in California.  Plaintiffs therefore are, and at all times since the commencement of this action have been, citizens of the State of California.

### B.    Defendant NETC Is A Citizen Of Delaware And Illinois, Not California

19.    NETC is not now, nor was it at the time this action commenced, a citizen of the state of California.  Rather, it is and was a citizen of Delaware and a citizen of Illinois.  For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A*., 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's

4

activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" . . . .**

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

20.     NETC is incorporated under the laws of the State of Delaware and its principal place of business is in Lisle, Illinois.  (Swain Decl. ¶ 3.)  NETC's corporate headquarters in Lisle, Illinois is where NETC's high-level officers direct, control, and coordinate its activities.  (Swain Decl. ¶ 3.)  NETC's high-level corporate officers maintain offices in Illinois, and many of its corporate-level functions are performed in the Illinois office.  (Swain Decl. ¶ 3.)  Additionally, many of NETC's administrative functions, including corporate finance and accounting, legal, and information systems, are directed from the Lisle, Illinois headquarters.  (Swain Decl. ¶ 3.)  Accordingly, NETC was at the time this action was commenced, and remains, a citizen of the States of Delaware and Illinois within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

21.     Because Plaintiffs are not citizens of either state of which NETC is a citizen, there is complete diversity of citizenship pursuant to 28 U.S.C. section 1332(a) and diversity as required by 28 U.S.C. section 1332(d).

**C.     Michelle Jorgensen's Citizenship Should Be Disregarded For Determining Diversity Because She Is A Sham Defendant**

22.     Defendant Jorgensen must be disregarded for purposes of diversity because she is a sham defendant; that is, she cannot be found liable as a matter of law.  *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not

5

72789347v.4

possibly prevail" on her claim against the resident defendant); *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (finding fraudulent joinder of non-diverse defendants where there was "no possibility that [plaintiff] would be able to establish a cause of action against them").

23.     Jorgensen is a sham defendant because she has been fraudulently named. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), *cert. denied*, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

24.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham of fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

25.     Plaintiffs have fraudulently named Jorgensen as a defendant to the Second Cause of Action for Violation of Labor Code section 1102.5.

26.     In the hope of evading diversity jurisdiction, Plaintiff named her General Manager, Michelle Jorgensen, as an individual defendant.  (Ex. A, ¶ 2.)  Jorgensen cannot be liable for Plaintiffs' claims as alleged as a matter of law.

27.     As a matter of law, an individual supervisor cannot be held liable for retaliation under Labor Code section 1102.5.  *See Crone v. Tracy Unified Sch. Dist.*, No. 2:20-CV-01451-JAM-AC, 2020 WL 7182345 (E.D. Cal. Dec. 7, 2020) ("Because a claim under 1102.5 cannot be brought against an individual, Plaintiff's claim against defendant

72789347v.4

[ ] fails as a matter of law."); *see also United States v. CardioDx, Inc.*, No. 15-CV-01339-WHO, WL 2019 WL 2163002 (N.D. Cal. May 17, 2019) (finding no individual liability under Labor Code § 1102.5); *Bales v. Cty. of EL Dorado*, No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235 (E.D. Cal. Sept. 20, 2018) (finding no individual liability for individual defendant under Labor Code § 1102.5).

28.    Plaintiffs have not stated, and cannot state, a viable claim against Jorgensen. Consequently, because Jorgensen is a "sham" defendant, her citizenship should be disregarded for determining diversity jurisdiction.[1]

### D.    Doe Defendants May Be Disregarded

29.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants in this case does not deprive this Court of jurisdiction.

30.    Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiffs and all properly joined defendants have diverse citizenship.

## IV.    AMOUNT IN CONTROVERSY EXCEEDS $75,000

31.    While NETC denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the

---

[1] If Plaintiffs do not agree to voluntarily dismiss Jorgensen from the case, Jorgensen will file a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss within seven days of this removal.

NOTICE OF REMOVAL

72789347v.4

1    amount in controversy exceeds [the threshold] amount.") (internal quotations and

2    citations omitted).

3        32.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the

4    removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*,

5    372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented

6    in the removal petition).  When the amount in controversy is not apparent from the face

7    of the complaint, a defendant may state underlying facts supporting its assertion that the

8    amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d

9    564, 566-67 (9th Cir. 1992).

10       33.    In determining the amount in controversy, the Court must consider the

11   aggregate of general damages, special damages, punitive damages, and attorneys' fees.

12   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory

13   attorneys' fees to be included in amount in controversy, regardless of whether such an

14   award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident

15   Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account

16   where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Indem. Co.*,

17   994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for

18   general and special damages).

19       34.    Here, considered together, the general and special damages sought by

20   Plaintiffs, along with the attorneys' fees and punitive damages that might be awarded if

21   Plaintiffs prevail, establish by a preponderance of the evidence that the amount in

22   controversy exceeds $75,000 for each Plaintiff, exclusive of interest and costs, as

23   required by 28 U.S.C. section 1332(a).  *Troy Bank of Troy, Ind., v. G.A. Whitehead &

24   Co.*, 222 U.S. 39, 40 (1911) ("When two or more plaintiffs, having separate and distinct

25   demands, unite for convenience and economy in a single suit, it is essential that the

26   demand of each be of the requisite jurisdictional amount.").

27

28

NOTICE OF REMOVAL

72789347v.4

### A.    Plaintiffs' Alleged Lost Wages and Benefits

Plaintiffs seek recovery for back pay and lost wages and benefits.  (**Ex. A**, ¶¶ 47, 55, 63, 72, 81, 92, 100, 107, 113, 119, Prayer for Relief.)  Thus, Plaintiffs' lost wages and benefits are properly included in the amount in controversy for each of their claims.

### 1.    Plaintiff Moren's Alleged Lost Wages Exceed $75,000

35.    Plaintiff Moren alleges that her employment was terminated on or about July 29, 2020.  (**Exh. A**, Compl., ¶ 20.)  Plaintiff Moren alleges that she "has suffered actual, consequential, and incidental financial losses, including for example and without limitation, loss of salary and benefits, as well as the intangible loss of employment related opportunities in the field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial." (**Exh. A**, Compl., ¶ 47.)  Plaintiff Moren seeks to recover actual, "consequential, and incidental financial losses, including but not limited to, loss of earnings and employee benefits," statutory penalties, general and special damages, attorney's fees, punitive damage, and interest. (**Exh. A**, Complaint, Prayer for Relief ¶ 1.)  Plaintiff Moren earned $14.89 per hour.  (Swain Decl., ¶ 7.)

36.    Plaintiff Moren's employment lasted from approximately September 25, 2017 until July 29, 2020.  At the time of her termination, Plaintiff Moren had earned at least $14.89 per hour and worked 30-40 hours per week.  Thus, estimating 2,080 hours over a full year, Plaintiff Moren earned $2,580.93 per month ($14.89 x 2,080 hours / 12). (Swain Decl. ¶ 8.)

37.    As of the date of filing the Complaint, Plaintiff Moren had allegedly lost 11 months of wages, or $28,390.27 ($2,580.93 x 11 months).  (Swain Decl. ¶ 5.)  Assuming this case takes another 12 months to go to trial from the date of filing the Complaint and proceeds to trial in or around June 2022, Plaintiff Moren would have lost another 12 months of wages, or $30,971.20.  Based on this conservative estimate, Plaintiff Moren's past lost income (backpay) would be no less than **$59,361.47** ($28,390.27 + $30,971.20). (Swain Decl. ¶ 5.)

NOTICE OF REMOVAL

38.     In addition to back pay, a plaintiff who successfully alleges wrongful termination or discriminatory or retaliatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement.  *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

39.     An award of three years' front pay would entitle Plaintiff Moren to **$92,913.48** in additional recovery ($2,580.93 x 12 months x 3 years).  *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit);  *see also Glenn-Davis v. City of Oakland*, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).  Thus, Plaintiff Moren's allegations of lost wages alone exceed **$152,274.95**.

### 2.     <u>Plaintiff Paredes' Alleged Lost Wages Exceed $75,000</u>

40.     Plaintiff Paredes alleges that she has been damaged in an amount "excess of $25,000.00, the precise amount to be determined at trial."  (**Ex. A**, ¶ 81.)  Plaintiff Paredes similarly alleges she has suffered "substantial losses in earnings and job benefits," as well as "humiliation, embarrassment, mental, emotional and physical distress, and discomfort."  (**Ex. A**, ¶¶ 81, 93, 101, 107-108, 113-114, 119-120, 131). Plaintiff Paredes alleges NETC failed to accommodate her beginning in October 2020

72789347v.4

and that she was constructively discharged in February 2021.  (**Ex. A**, ¶¶ 33, 37-39, 117.)
Plaintiff Paredes' earned $16.71 per hour.  (Swain Decl., ¶ 9.)

42. Plaintiff Paredes' employment lasted from approximately December 29,
2016 until February 17, 2021.  At the time of her separation, Plaintiff Paredes had earned
at least $16.71 per hour and worked 30-40 hours per week.  Thus, estimating 2,080 hours
over a full year, Plaintiff Paredes earned $2,896.40 per month ($34,756.80 divided by 12
months). (Swain Decl. ¶ 10.)

42. As of the date of filing the Complaint, Plaintiff Paredes had allegedly lost
four months of wages, or $**11,585.60** ($2,896.40 x 4 months).  (Swain Decl. ¶ 7.)
Assuming this case takes another 12 months to go to trial from the date of filing the
Complaint and proceeds to trial in or around June 2022, Plaintiff Paredes would have lost
another 12 months of wages, or $**34,756.80**.  Based on this conservative estimate,
Plaintiff Paredes' past lost income would be no less than $**46,342.40** ($11,585.60 +
$34,756.80).  (Swain Decl. ¶ 7.)

43. Like Plaintiff Moren, Plaintiff Paredes could also be entitled to an additional
award of three years of front pay.  This front pay would amount to $**104,270.40** in
additional recovery ($2,896.40 x 12 months x 3 years).  Thus, Plaintiff Paredes'
allegations of lost wages alone exceed $**150,612.80**.

### 3.   Plaintiff Brown's Allegations of Lost Wages

44. Plaintiff Brown is a current employee and she earns $15.19 per hour. (Swain
Decl., ¶ 9.)  Plaintiff Brown fails to allege any adverse actions.  (**Ex. A**, ¶¶ 27-31.)

45. However, Plaintiff Brown alleges that she has "suffered actual,
consequential financial losses, including for example and without limitation, loss of
salary and benefits" and that she has "suffered, and continue[s] to suffer, substantial
losses related to the loss of wages." (**Ex. A**, ¶¶ 55, 63, 72.)  Moreover, as discussed
below, Plaintiff Brown also alleges she suffered emotional distress, an award of which

11

72789347v.4

1  would be sufficient to satisfy the amount in controversy for her claims, in addition to

2  punitive damages and attorneys' fees.

3     **B.    Alleged Emotional Distress Damages**

4        46.    In addition to compensatory damages, all Plaintiffs claim emotional distress

5  damages.  (**Ex. A**, ¶¶ 48, 56, 64, 73, 81, 93, 101, 108, 114, 120, 131, Prayer for Relief.)

6  While Plaintiffs do not plead the specific details of their alleged emotional distress

7  damages, in cases alleging discrimination and/or retaliation, the emotional distress

8  damages award, alone, often exceeds the $75,000 amount in controversy requirement.  In

9  *Thompson v. Big Lots Stores, Inc.*, 2017 U.S. Dist. LEXIS 20094, *12-13 (E.D. Cal.

10  2017), the Eastern District of California made clear that "[i]n determining the amount in

11  controversy, the court may assess likely emotional distress damages by reference to

12  damages awards in similar discrimination cases."  Applying that rule, the *Thompson* court

13  found the defendant met its burden of showing that damages awards for emotional

14  distress in analogous cases are often substantial, where the defendant pointed to a jury

15  award of $122,000 in emotional distress damages to an employee who sued for

16  pregnancy discrimination and wrongful termination.  *See id.* at *12-13.  In fact, such

17  damages may far exceed $122,000.  For example, in *Elliott v. City of Gardena*, 2001 WL

18  1255712 (Los Angeles County Sup. Ct., July 23, 2001), the jury awarded the plaintiff in a

19  discrimination case $1,650,000 where the plaintiff's only claimed injury was emotional

20  distress damages.  In *Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles

21  County Sup. Ct., Aug. 15, 2007), the jury awarded a plaintiff in a discrimination case

22  $768,286, of which $100,000 was for non-economic damages.  *See also Conney v.

23  University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July

24  27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-

25  economic damages awarded to plaintiff claiming discrimination and retaliation); *DFEH

26  v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct., Oct. 16, 2003)

27  (jury award of $300,000 emotional distress damages for failure to accommodate claim);

28

NOTICE OF REMOVAL

72789347v.4

*Kell v. AutoZone Inc.*, No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21,

2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation

claims); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup.

Ct., Sept. 23, 2011) (pain and suffering award of $250,000, $250,000, $250,000, and

$250,267 to four employees in discrimination action).  These awards demonstrate that,

for diversity purposes, the value of each Plaintiffs' emotional distress damages exceeds

the $75,000 amount in controversy requirement.

### C. Alleged Punitive Damages

47.     Plaintiffs also each seek punitive damages.  (**Ex. A**, ¶¶ 49, 57, 65, 74, 86, 94,

102, 109, 115, 121, 132, Prayer for Relief.)  As clearly demonstrated below, these

categories of damages allege entitlement to relief that far exceeds $75,000.  "Because

plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA

violations,' punitive damages may be included in the amount in controversy here."

*Thompson*, 2017 U.S. Dist. LEXIS 20094 at *13.  Punitive damages are also recoverable

in the context of wrongful termination claims and claims for retaliation under Labor Code

section 1102.5.  *See Casillas v. Central Cal. Faculty Medical Grp, Inc. D/B/A Univ.*

*North Medical Specialty Center,* 15-CECG-00549, JVR No. 1707100033, 2016 WL

9281429 (Fresno County Sup. Ct., Oct. 27, 2016) ($500,000 in punitive damages

awarded to plaintiff claiming whistleblower retaliation under Cal. Labor Code Sec.

1102.5).  For purposes of determining the amount in controversy, the Court must assume

that Plaintiffs will prevail on their claims for punitive damages.  *See Richmond  v.*

*Allstate  Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy

includes potential recovery of punitive damages award).  An examination of jury awards

shows that punitive damages awards in discrimination and retaliation cases often exceed

the $75,000 amount in controversy requirement.  *See Thompson*, 2017 U.S. Dist. LEXIS

20094 at *14 (citing to cases in which the plaintiffs were awarded punitive damages

valued at $2 million and $800,000 for pregnancy discrimination and sex discrimination

13

72789347v.4

cases under FEHA in finding that the defendant "met its burden of showing that punitive damages awards in analogous discrimination cases often exceed the jurisdictional minimum on their own"); *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Sup. Ct., Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case); *Crangle v. Stanford Univ.*, 2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) (punitive damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination).

### D.   Alleged Attorneys' Fees

48.    Plaintiffs claim a statutory entitlement to attorneys' fees.  (**Ex. A**, Prayer for Relief.)  Requests for attorneys' fees must be considered in ascertaining the amount in controversy.  *See Thompson*, 2017 U.S. Dist. LEXIS 20094 at *15 (stating that "[b]ecause 'attorney's fees are recoverable as a matter of right to the prevailing party under FEHA … such fees may be included in determining the amount in controversy"); *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees ***through trial***.  *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

49.    NETC anticipates that the parties will propound written discovery, that depositions will be taken in this case, and that ultimately Defendants will file a Motion for Summary Judgment or Partial Summary Judgment.  Here, if Plaintiffs prevail, they could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases.

50.    The reasonable amount of attorneys' fees may be based upon fee awards in similar cases.  *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is

NOTICE OF REMOVAL

72789347v.4

sufficient to establish that its estimate is more likely than not correct."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorneys' fees).  Verdicts show that attorneys' fees in employment discrimination cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct., Sept. 14, 2006) (attorneys' fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct., Mar. 21, 2005) (attorneys' fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct., Oct. 16, 2003) (attorneys' fees award of $159,277 for claims of discrimination and retaliation).  Finally, it is unimaginable that Plaintiffs' counsel would seek less than $75,000 in attorneys' fees for a jury trial of the wrongful termination, discrimination, retaliation, and disability-related claims alleged in the Complaint on behalf of three plaintiffs.  If Plaintiffs' counsel is seeking less than $75,000 in fees, Defendants invite them to stipulate to this fact for purposes of this case.

51.    For each of the foregoing reasons, while Defendants deny any liability as to Plaintiffs' claims and deny that Plaintiffs have suffered any damages whatsoever, it is clear that it is "more likely than not" that the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).  *See Thompson*, 2017 U.S. Dist. LEXIS 20094, *passim* (denying motion to remand where plaintiff's request for lost wages, emotional distress damages, punitive damages, and attorneys' fees in pregnancy discrimination case made clear that the jurisdictional amount in controversy was easily met).

## V.    VENUE

52.    Removal to this Court is proper because this action originally was filed in the Superior Court of the State of California, County of Kern.  Moreover, this action

arose in the County of Kern because the location where Plaintiffs worked is located in Bakersfield, California.  (Swain Decl., ¶¶ 4-6.)  Thus, without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court pursuant to 28 U.S.C. sections 1391(a) and 1441(a).

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND SUPERIOR COURT

53.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiffs and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Kern.

54.    This Notice of Removal will be served on counsel for Plaintiffs.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

55.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A, B** and **C**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL

72789347v.4

1

## VII.  PRAYER FOR REMOVAL

2          56.     WHEREFORE, Defendants pray that this civil action be removed from the

3  Superior Court of the State of California, County of Kern to the United States District

4  Court for the Eastern District of California.

5

6  DATED: July 16, 2021                    Respectfully submitted,

7                                          SEYFARTH SHAW LLP

8

9                                          By: */s/ Shardé T. Skahan*

10                                              Jamie C. Pollaci
11                                              Shardé T. Skahan
                                               Attorneys for Defendants
12                                              NATIONAL EXPRESS TRANSIT
                                               CORPORATION (erroneously sued as
13                                              NATIONAL EXPRESS TRANSIT,
                                               INC.) and MICHELLE JORGENSEN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

72789347v.4

# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
06/18/2021
CT Log Number 539758136

| | |
|---|---|
| **TO:** | Dorothy Capers, General Counsel<br>National Express LLC<br>2601 Navistar Dr Bldg #5<br>Lisle, IL 60532 |

**RE:**   **Process Served in California**

**FOR:**   National Express Transit Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LYNDA MOREN, ET AL., PLTFS. vs. NATIONAL EXPRESS TRANSIT, INC. ,ET AL., DFTS.<br>// TO: NATIONAL EXPRESS TRANSIT CORPORATION |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # BCV21101119 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2021 at 12:59 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/18/2021, Expected Purge Date:<br>06/23/2021 |
| | Image SOP |
| | Email Notification,  Ana Cooper  Ana.Cooper@nellc.com |
| | Email Notification,  Djenne Clayton  Djenne.clayton@nellc.com |
| | Email Notification,  Nancy Strubler  nstrubler@durhamschoolservices.com |
| | Email Notification,  Susan Grills  susan.grills@nellc.com |
| | Email Notification,  Wayne Nishimura  wayne.nishimura@nellc.com |
| | Email Notification,  Robert Bressler  robert.bressler@nellc.com |
| | Email Notification,  Annette Johnson  annette.johnson@nellc.com |
| | Email Notification,  Dorothy Capers  Dorothy.capers@nellc.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD |

**CT Corporation**

**Service of Process Transmittal**
06/18/2021
CT Log Number 539758136

**TO:**   Dorothy Capers, General Counsel
National Express LLC
2601 Navistar Dr Bldg #5
Lisle, IL 60532

**RE:**   **Process Served in California**

**FOR:**   National Express Transit Corporation  (Domestic State: DE)

STE 700
GLENDALE, CA 91203

866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                        Fri, Jun 18, 2021

**Server Name:**                 Hovig Meguerditchian

| Entity Served | NATIONAL EXPRESS TRANSIT CORPORATION |
|---------------|--------------------------------------|
| Case Number | BCV-21-101119 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>NATIONAL EXPRESS TRANSIT, INC., MICHELLE JORGENSEN,<br>and DOES 1 through 100, Inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LYNDA MOREN, PATRICIA  BROWN, EVETTE PAREDES, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>5/19/2021<br>**Kern County Superior Court**<br>**By Sophia Munoz Alvarez, Deputy** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Kern County Superior Court, Bakersfield<br>1415 Truxtun Avenue, Bakersfield, CA 93301 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BCV-21-101119 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wyatt Law, 20750 Ventura Boulevard, Suite 440, Woodland Hills, CA 91364 (818) 710-3813

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  5/19/2021 | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

1
WYATT LAW
20750 Ventura Boulevard, Suite 440
Woodland Hills, California 91364
Telephone:    (818) 710-3813
Facsimile:    (818) 710-1938
ANDREW M. WYATT, State Bar No. 158759

**ELECTRONICALLY FILED**
**5/17/2021 5:21 PM**
**Kern County Superior Court**
**By Sophia Munoz Alvarez, Deputy**

2

3

4

5
Attorney for Plaintiffs,
LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              FOR THE COUNTY OF KERN

10
LYNDA MOREN, PATRICIA  BROWN, )
EVETTE PAREDES,                           )

CASE NO.  BCV-21-101119

11                                                    )

COMPLAINT FOR DAMAGES

12              Plaintiffs,                      )

1.    Wrongful Termination in Violation of
        Public Policy;

13        vs.                                    )

2.    Violation of Cal. Labor Code § 1102.5
3.    Violation of Cal. Labor Code § 232.5

14
NATIONAL EXPRESS TRANSIT, INC., )
MICHELLE JORGENSEN, and DOES 1 )

4.    Violation of Cal. Labor Code § 6310
5.    Disability Discrimination

15
through 100, Inclusive,                   )

        Govt. Code §12940(a)
6.    Failure To Accommodate Disability

16              Defendants.                   )

        Govt. Code §12940(m)
7.     Failure To Engage In An Interactive

17                                                    )

        Process Govt. Code §12940(n)
8.    Violation of the California Family

18                                                    )

        Rights Act
9.    Violation of the California Family

19                                                    )

        Rights Act - Interference With Family
        Leave Rights

20                                                    )

10.   Violation of the California Family
        Rights Act - Retaliation

21                                                    )

11.    Failure to Prevent/Correct
        Discrimination Govt. Code §12940(k)

22                                                    )

23 _____)

24

25

26

27

28

1       Plaintiffs, LYNDA MOREN, SONYA GARCIA, DAVID BRADFORD,

2 PAT BROWN, EVETTE PAREDES, allege as follows:

3                       **GENERAL ALLEGATIONS**

4       1.    Plaintiffs, LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES,

5 [hereinafter "Plaintiffs"], individuals, are and were at all times mentioned herein working in the

6 State of California in the County of Kern.

7       2.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

8 herein, Defendant NATIONAL EXPRESS TRANSIT, INC., [hereinafter "NET" and/or

9 "Defendant"], is and was at all times mentioned herein a corporation, doing business in the

10 State of California, County of KERN. Defendant MICHELLE JORGENSEN, [hereinafter

11 "JORGENSEN" and/or "Defendant"], is and was at all times mentioned herein an individual,

12 working in the State of California, County of KERN.

13       3.    At all times mentioned herein, Defendants, and each of them, were the agents

14 and employees of each of the Defendants, and were at all times acting within the course and

15 scope of said agency and employment, and each Defendant has ratified and approved the acts of

16 his agent.

17       4.    That the true names and/or capacities, whether individual, corporate, associate,

18 governmental or otherwise of Defendants Does 1 through 100, inclusive, are unknown to

19 Plaintiff, who therefore sues said Defendants by such fictitious names.  Each of the Defendants

20 designated herein as a Doe is negligently or otherwise legally responsible in some manner for

21 the events and happenings herein referred to and thereby proximately caused injuries and

22 damages to the plaintiff as herein alleged.  Plaintiffs will ask leave of the Court to amend this

23 complaint to show the true names and capacities of said DOES when the same have been

24 ascertained.

25       5.    Plaintiffs are informed and believe and thereon allege that each of the

26 fictitiously named defendants are responsible in some manner for the occurrences alleged in

27 this Complaint and the losses suffered by Plaintiffs, and that Plaintiffs' damages as alleged in

28 this Complaint were proximately caused by their conduct.

6.      Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, the Defendants and Does 1 through 100, inclusive, and each of them, were the agents, representatives, partners and/or employees of one another, and in doing the things hereinafter alleged, were acting within the course and scope of such authority and employment and with the permission and consent of the Defendants.  Plaintiffs are further informed and believe and thereon allege that all actions of each Defendant was ratified by each other Defendant.

## **FACTUAL ALLEGATIONS**

7.  Lynda Moren, age 62, was a bus driver for Defendant.

8.  On June 15th, 2020 Oscar the janitor was yelling at Lynda in the parking lot because he thought she wasn't cleaning her bus. Lynda called Michelle Jorgensen, General Manager, and asked her to come back into the yard as she was driving off. Jorgensen said no and that she would talk to Oscar the next day.

9.   On June 16th 2020, when Lynda clocked in, Jorgensen stated that she had two reports from office people that Lynda was the one yelling and that all the trouble came from her. Lynda filled out a report to Jorgensen's boss, Human Resources and  Joe from Union. From June 16th on, Jorgensen had the road supervisor, Alfonso Eustaquio Reyes, follow Lynda on her route and watch everything she did.

10.  Alfonso  got on Lynda's bus on June 29th to do a driving evaluation on her. Lynda asked him why because she had her yearly evaluation done on June 1st 2020 by TJ the safety trainer.

11.  Alfonso stated that Jorgensen told him he had to do an evaluation on Lynda every three months. Lynda asked him why Alfonso stated he didn't know and was only doing what he was told. He also stated that Lynda was the only one that he was doing this to.

12.  On June 19th 2020, when she was preparing her bus, Lynda asked Dispatch a health and safety question about where the Covid-19 masks for the passengers were as Jorgenden had no masks on the buses to pass out.

13.   Jorgensen was furious about Lynda asking about this and stated that she was firing Lynda on Monday, June 22nd 2020.  Lynda had to call Joe over because Jorgensen was not letting up on her about the masks. Once Joe talked to her it stopped.

14.   On July 9th 2020, Lynda was put on a very dangerous bus where the air brake gauge dropped down to 70 lbs of pressure. Lynda told Jorgensen what her gauges were doing and Jorgensen never told Lynda to bring the bus back. Lynda called the mechanic, Antonio, when she got back into town. He told her to bring the bus back and that the bus was having that same problem in the morning.

15.   Jorgensen was having Oscar watering down disinfectant because her bonus was coming up and she didn't want to cut into her budget, because, according to Jorgensen, at this time corporate had cut everyone's pay in half because of the pandemic.

16.   Lynda called the environmental health department two times in June because Jorgensen was not addressing the proper cleaning of the buses, the social distancing on the buses, and the masks or gloves. Once the health department came out, Jorgensen corrected the issues.

17.   Jorgesen was furious because the Department of Transportation came out once Lynda called them. Also, Jorgensen was working drivers way over their 10 hour driving time without meal breaks or without enough sleep.

18.   Cal- OSHA was called twice because Jorgensen was still putting the drivers in danger from the Covid-19 by not giving them the proper equipment (gloves, masks, and cleaning products.)  Lynda was called into her office and also into the hallway. Jorgensen stated that she wanted Lynda to stop calling her boss. Jorgensen then stated that she hated all the transit drivers.

19.   Lynda was then terminated two weeks later. Lynda was terminated for allegedly being on her cell phone and being on a bluetooth.  Lynda doesn't own a bluetooth.  She was talking to herself on the bus and the strap of her sunglasses was behind her ear.

20.   Jorgensen also accused Lynda of  stealing time from the company because on July 13th she clocked out 1 hour to 1 and a half hour later. When Lynda came into the yard on July

1   13th, 2020, she filled out 2 reports. Jorgensen also pulled every one of Lynda's videos on all of

2   her routes. Other drivers have called Lynda that have done those same routes and have come in

3   late. Lynda was the only one Jorgensen targeted and they didn't have any reports to do.

4   Lynda was terminated from the job on July 29th 2020.

5       21.  On April 2nd 2020, Jorgensen was told  that drivers were asking about capacity is

6   on buses due to Covid -19.

7       22.  On April 15th 2020,  Jorgensen was told that employees were making Lysol wipes

8   and was bringing bottles of disinfectant to pass out to drivers on route so they could spray mid

9   route the buses. Drivers were told to clean buses mid route but they weren't provided bottles.

10       23.   On April 17th, 2020, Jorgensen was told that the Seek Riders were going to offer

11   free shields for the safety of the drivers. Jorgensen was given all the information and told that

12   they offered to sell masks and hand sanitizer due to it not being provided by company.

13       24.  On April 29th, 2020 the drivers were given masks and small bottles of home made

14   bottles of hand sanitizer

15       25.  The bus drivers were told by management that they would be supplied with Lysol

16   and other cleaning supplies, such as rubber gloves etc.

17       26 .  The company has no oversight as to which driver(s) are actually disinfecting and

18   cleaning the buses properly.

19       27.  Patricia Brown, age 68, has an enlarged heart and liver.

20       28.  The drivers were told that it was mandatory for masks to be worn at all times in the

21   bus. Jorgensen told them that if the passengers don't have a mask, the driver was to send them

22   to the back of the bus.

23       29.   The drivers have had water downed cleaners and buses with fare boxes too close to

24   the driver's area.

25       30.   Management is aware of the situation and still is not requiring masks for

26   passengers. The Company is not providing enough PPE to make sure the drivers are safe .

27   Jorgensen  gave drivers sanitizer that was not even within the CDC guidelines and had the

28   drivers use Mr. Clean with no disinfectant to spray the buses.

31.  Patricia has custody of her grandchildren and she is very fearful that due to the company's neglect she will end up bringing Covid -19  home.

32.  Evette Paredes, 34, is a bus driver. Evette has medical issues which makes her more susceptible to Covid-19.

33.  On October 2, 2020, Evette obtained a medical note from her doctor, Katerina De Castro Llamas,  at Kaiser Permanente, stating that Evette has "one or more of the medical conditions specified by thr CDC or DCPH that may increase the risk of serious complications due to Covid-19.

34.  Evette gave it to Jorgensen requesting CFRA medical leave due to her susceptibility to Covid - 19.

35.  Jorgensen questioned Evette to see why she was requesting the leave. Jorgensen did not accept the note.

36.  Despite being provided a doctor's note indicating that Evette was requesting the leave because of her own vulnerabilities, Jorgensen told Evette to get another note from Kaiser for Evette's family, including Evette's mother whom Jorgensen stated in a voicemail that Evette was taking care of.

37.  Evette never heard back from Jorgensen or Human Resources and believes her request was denied.

38.  Evette is informed and believes and thereon alleges that she was being targeted by Jorgensen and decided not to pursue the leave for fear of retaliation.

39.  Neither Jorgensen nor National Express Transit offered Evette an accommodation nor entered into the interactive process.

40.  On May 17, 2021, Evette filed a Charge of Discrimination with the Department of Fair Employment and Housing (hereinafter "DFEH"), a true and correct copy of the charge is attached to this complaint as Exhibit "1" and are incorporated by reference. The DFEH issued a right to sue letter on May 17, 2021, a true and correct copy of the notice is attached to this complaint as Exhibit "2" and are incorporated by reference.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(By Lynda Moren As to Defendant NET and DOES 1 – 25)**

41.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and every preceding paragraph.

42.   At all times mentioned, the public policy of the State of California, as expressed and mandated in the March 4, 2020 Executive Order N-22-20 and in the March 19, 2020 Executive Order N-33-20, is to promote the public health and safety and to minimize and mitigate the spread of COVID-19. To further this public policy, the March 4, 2020 Executive Order authorizes state and local public health officials to issue guidance limiting public assembly.  Further, to promote the above public policy, Executive Order N-33-20 expressly mandates all individuals living in the State of California to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors (referred to herein as "Essential Workers"). Under the March 19, 2020 Executive Order, "Essential Workers" consist only of those belonging to the following sectors: healthcare and public health; transportation systems; information technology; water; nuclear reactors; materials and waste; food and agriculture; energy; financial; emergency services; defense industrial base; dams; critical manufacturing; commercial facilities' chemical; and communications. Accordingly, it was and is the public policy of the State of California that an employer may not terminate or otherwise take adverse employment action against an employee who is not an Essential Worker for disclosing information about the employee's working conditions; for working or asking to work only at the employee's place of residence; or for otherwise voicing concerns to the employer reasonably believed by the employee to promote the public health and safety and to minimize and mitigate the spread of COVID-19. Plaintiff, Lynda Moren, as a public transit employee who drove a bus, was an essential worker.

43.   Further, the public policy of the State of California, as set forth in Cal. Labor Code § 1102.5(b), is that an employer may not retaliate against, terminate, or create intolerable work conditions for an employee disclosing information that the employee has reasonable cause

1   to believe is a violation of or noncompliance with a local, state, or federal rule, order, or

2   regulation. Similarly, the public policy of the State of California, as set forth in Cal. Labor

3   Code § 1102.5(c), is that an employer may not retaliate against an employee for refusing to

4   participate in an activity that would result in a violation of state or federal statute, or a violation

5   of or noncompliance with a local, state, or federal rule, order, or regulation.

6       44.   In addition, it was and is the public policy of the State of California, as set forth in

7   Cal. Labor Code § 232.5, that an employer may not discharge, terminate, formally discipline, or

8   otherwise discriminate against an employee who discusses or information about the employer's

9   working conditions.

10      45.   It was and is the public policy of the State of California, as set forth in Cal. Labor

11  Code § 6310 that an employer shall not discharge or in any manner discriminate against any

12  employee making complaints about health and safety in the workplace to the employer.

13      46.   Here, Defendants terminated Plaintiff, Lynda Moren,  on the grounds described

14  and prohibited by the public policies listed above, thereby wrongfully contravening the public

15  policy of the State of California as provided under Executive Order N-22-20, Executive Order

16  N-33-20, Cal. Labor Code § 1102.5, in Cal. Labor Code § 232.5, and Cal. Labor Code § 6310.

17      47.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiff

18  has suffered actual, consequential, and incidental financial losses, including for example and

19  without limitation, loss of salary and benefits, as well as the intangible loss of employment

20  related opportunities in the field and damage to Plaintiff's professional reputation, all in an

21  amount subject to proof at the time of trial. Plaintiff also claims such amounts as damages

22  pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other provision of law providing

23  for prejudgment interest. Plaintiff has suffered, and continues to suffer, substantial losses

24  related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in

25  seeking to compel Defendant to fully perform their obligation under state law and her

26  respective damage amounts according to proof at the time of trial.

27      48.   Further, as a proximate result of the aforesaid acts of Defendants, and each of

28  them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental

1   anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is

2   informed and believes and thereupon alleges that she will continue to experience said physical

3   and emotional suffering for a period in the future not presently ascertainable, all in an amount

4   subject to proof at the time of trial.

5       49.   The acts taken toward Plaintiff were carried out by Defendants' officers,

6   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

7   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

8   safety of Plaintiff, and in direct violation of California law and Public Policy. Each Defendant

9   aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful

10  conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages

11  against each Defendant in an amount to be established that is appropriate to punish each

12  Defendant and deter others from engaging in such conduct.

13                      **SECOND CAUSE OF ACTION**

14              **VIOLATION OF CAL. LABOR CODE § 1102.5**

15                **(Against All Defendant and DOES 1 – 25)**

16      50.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

17  every preceding paragraph.

18      51.   Plaintiffs are informed and believe, and thereon allege, that employers, as defined

19  in Cal. Labor Code § 6304, are prohibited from taking any actions prohibited in Cal. Labor

20  Code § 1102.5 against any employees, including former employees, which Plaintiffs are

21  informed and believe, and thereon allege, are included in the definition of Cal. Labor Code §

22  6304.1.

23      52.   Cal. Labor Code § 1102.5(b) states an employer, or any person acting on behalf of

24  the employer, shall not retaliate against an employee for disclosing information, or because the

25  employer believes that the employee disclosed or may disclose information, to a government or

26  law enforcement agency, to a person with authority over the employee or another employee

27  who has the authority to investigate, discover, or correct the violation or noncompliance, or for

28  providing information to, or testifying before, any public body conducting an investigation,

1    hearing, or inquiry, if the employee has reasonable cause to believe that the information

2    discloses a violation of state or federal statute, or a violation of or noncompliance with a local,

3    state, or federal rule, order, or regulation, regardless of whether disclosing the information is

4    part of the employee's job duties.

5       53.   Cal. Labor Code § 1102.5(c) prohibits an employer, or any person acting on

6    behalf of the employer, from retaliating against an employee for refusing to participate in an

7    activity that would result in a violation of state or federal statute, or a violation of or

8    noncompliance with a local, state, or federal rule, order, or regulation.

9       54.   Defendants retaliated against Plaintiffs and then unlawfully terminated Plaintiff,

10    Lynda Moren, after she complained about ongoing dangerous working conditions associated

11    with the ongoing COVID-19 pandemic. Plaintiffs reasonably believed the conduct they  were

12    reporting as illegal was in fact illegal and violated local, state, and/or federal rules, regulations,

13    orders, and/or laws.

14       55.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

15    have suffered actual, consequential, and incidental financial losses, including for example and

16    without limitation, loss of salary and benefits, as well as the intangible loss of employment

17    related opportunities in the field and damage to Plaintiff' Lynda Moren's professional

18    reputation, all in an amount subject to proof at the time of trial. Plaintiffs also claim such

19    amounts as damages pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other

20    provision of law providing for prejudgment interest. Plaintiffs have suffered, and continue to

21    suffer, substantial losses related to the loss of wages and are entitled to recover costs and

22    expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation

23    under state law and their respective damage amounts according to proof at the time of trial.

24       56.   Further, as a proximate result of the aforesaid acts of Defendants, and each of

25    them, Plaintiffs have suffered and continues to suffer emotional distress, humiliation, mental

26    anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff are

27    informed and believe and thereupon allege that they will continue to experience said physical

28    and emotional suffering for a period in the future not presently ascertainable, all in an amount

1  subject to proof at the time of trial.

2    57.   The acts taken toward Plaintiffd were carried out by Defendants' officers,

3  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

4  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

5  safety of Plaintiffs, and in direct violation of California law. Each Defendant aided, abetted,

6  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

7  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

8  Defendant in an amount to be established that is appropriate to punish each Defendant and

9  deter others from engaging in such conduct.

10    58.   Plaintiffs will also seek a $10,000 civil penalty pursuant to Cal. Labor Code §

11  1102.5(f), along with any additional applicable remedies, costs, or attorneys' fees available

12  under Cal. Labor Code §§ 2699 and 2699.3.

13  **THIRD CAUSE OF ACTION**

14  **VIOLATION OF CAL. LABOR CODE § 232.5**

15  **(Against Defendant NET and DOES 1 – 25)**

16    59.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

17  every preceding paragraph.

18    60.   Plaintiff are informed and believe, and thereon allege, that employers, as defined

19  in Cal. Labor Code § 6304, are prohibited from taking any actions prohibited in Cal. Labor

20  Code § 232.5 against any employees, including former employees, which Plaintiffs are

21  informed and believe, and thereon allege, are included in the definition of Cal. Labor Code §

22  6304.1.

23    61.   An employer may not require as condition of employment that an employee refrain

24  from disclosing information about the employer's working conditions. Cal. Labor Code §

25  232.5(a). An employer also may not discharge, formally discipline, or otherwise discriminate

26  against an employee who discloses information about the employer's working conditions. Cal.

27  Labor Code § 232.5(c).

28    62.   Defendant unlawfully retaliated against, discriminated against Plaintiffs, and

1  terminated Plaintiff Lynda Moren's employment in violation of law due to Plaintiff's disclosing

2  of the Defendant's working conditions.

3       63.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

4  have suffered actual, consequential, and incidental financial losses, including for example and

5  without limitation, loss of salary and benefits, as well as the intangible loss of employment

6  related opportunities in the field and damage to Plaintiff's professional reputation, all in an

7  amount subject to proof at the time of trial. Plaintiffs also claim such amounts as damages

8  pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other provision of law providing

9  for prejudgment interest. Plaintiffs have suffered, and continues to suffer, substantial losses

10  related to the loss of wages and are entitled to recover costs and expenses and attorney's fees in

11  seeking to compel Defendant to fully perform their obligation under state law and their

12  respective damage amounts according to proof at the time of trial.

13       64.   Further, as a proximate result of the aforesaid acts of Defendants, and each of

14  them, Plaintiff have suffered and continue to suffer emotional distress, humiliation, mental

15  anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff are

16  informed and believes and thereupon alleges that she will continue to experience said physical

17  and emotional suffering for a period in the future not presently ascertainable, all in an amount

18  subject to proof at the time of trial.

19       65.   The acts taken toward Plaintiffs were carried out by Defendants' officers, directors,

20  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

21  egregious, and inexcusable manner and in conscious disregard for the rights and safety of

22  Plaintiffs, and in direct violation of California law. Each Defendant aided, abetted, participated

23  in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.

24  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant

25  in an amount to be established that is appropriate to punish each Defendant and deter others

26  from engaging in such conduct.

27       66.   As a proximate result of the actions described above, which constitute violations

28  of Cal. Labor Code § 6310, Plaintiff has been damaged in an amount according to proof at the

1    time of trial and seeks any applicable civil penalties and attorney fees against Defendants,

2    available under Cal. Labor Code §§ 2699 and 2699.3.

3                              **FOURTH CAUSE OF ACTION**

4                      **VIOLATION OF CAL. LABOR CODE § 6310**

5                       **(Against Defendant NET and DOES 1 – 25)**

6        67.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

7    every preceding paragraph.

8        68.   Cal. Labor Code § 6310 prohibits employers from discharging, constructively

9    discharging, retaliating or in any manner discriminating against any employee for making any

10   oral or written health and/or safety complaint, or complaint regarding working conditions, to a

11   governmental agency, or their employer.

12       69.   Plaintiffs are informed and believe, and thereon alleges, that employers, as defined

13   in Cal. Labor Code § 6304, are prohibited from taking any actions described in Cal. Labor

14   Code § 6310 against any employees, including former employees, which Plaintiffs are informed

15   and believe, and thereon allege, are included in the definition of Cal. Labor Code § 6304.1.

16       70.   Defendants, and each of them, retaliated against Plaintiff, terminated  Plaintiff

17   Lynda Moren's employment after she made oral and/or written complaints regarding the health,

18   safety and/or working conditions to Defendant, her employer, by and through their agents and

19   employees.

20       71.   Plaintiff are informed and believe, and thereon allege that because of their making

21   complaints regarding the safety and/or working conditions to Defendant, Plaintiffs were either

22   retaliated against or terminated from employment by Defendant.

23       72.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

24   have suffered actual, consequential, and incidental financial losses, including for example and

25   without limitation, loss of salary and benefits, as well as the intangible loss of employment

26   related opportunities in the field and damage to Plaintiff Lynda Moren's professional

27   reputation, all in an amount subject to proof at the time of trial. Plaintiffs also claim such

28   amounts as damages pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other

1    provision of law providing for prejudgment interest. Plaintiffs have suffered, and continue to

2    suffer, substantial losses related to the loss of wages and is entitled to recover costs and

3    expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation

4    under state law and their respective damage amounts according to proof at the time of trial.

5         73.    Further, as a proximate result of the aforesaid acts of Defendants, and each of

6    them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental

7    anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiffs are

8    informed and believes and thereupon alleges that they will continue to experience said physical

9    and emotional suffering for a period in the future not presently ascertainable, all in an amount

10   subject to proof at the time of trial.

11        74.   The acts taken toward Plaintiffs were carried out by Defendants' officers, directors,

12   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

13   egregious, and inexcusable manner and in conscious disregard for the rights and safety of

14   Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

15   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

16   above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

17   Defendant in an amount to be established that is appropriate to punish each Defendant and

18   deter others from engaging in such conduct.

19        75.   As a proximate result of the actions described above, which constitute violations

20   of Cal. Labor Code § 6310, Plaintiffs have been damaged in an amount according to proof at

21   the time of trial and seeks any applicable civil penalties and attorney fees against Defendants,

22   available under Cal. Labor Code §§ 2699 and 2699.3.

23                           **FIFTH CAUSE OF ACTION**

24   _____( **Disability Discrimination, Govt. Code §12940(a)**)

25        **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

26        76.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

27   every preceding paragraph.

28        77.   This cause of action is brought pursuant to the California Fair Employment and P

1   ractices Act, section 12940(a) of the Government Code prohibiting discrimination of an

2   employee on the basis of disability and the corresponding regulations of the California

3   Department of Fair Employment and Housing.

4       78.   At all times mentioned in this complaint, Defendant NET regularly employed five

5   or more persons, bringing defendant within the provisions of section 12900 et seq. of the

6   Government Code prohibiting employers or their agents from  discriminating against

7   employees on the basis of disability.

8       79.   The conduct and communication of Defendants, and each of them, substantially

9   interfered with the employment of Plaintiff and created an intimidating, hostile and offensive

10   environment.

11       80.   Defendants, and each of their, failures to take corrective action as alleged in this \

12   complaint created a hostile work environment which constitutes an unlawful employment

13   practice in violation of section 12940(a) of the Government Code.

14       81.   As a direct, foreseeable and proximate result of Defendants' discriminatory acts,

15   Plaintiff has greatly suffered and continue to suffer substantial losses in earnings and job

16   benefits and has suffered and continues to suffer humiliation, embarrassment, mental,

17   emotional and physical distress, and discomfort, all to Plaintiff's damages in an amount in

18   excess of $25,000.00, the precise amount to be determined at trial.

19       82.   FEHA provides in pertinent part that it is an unlawful practice for an employer to

20   discriminate against any individual on the basis of the individual's physical or mental

21   disability.

22       83.   The actions and conduct of Defendant, as disability against Plaintiff, in violation

23   of  FEHA.

24       84.   As a direct result of the unlawful employment  alleged hereinabove, constitute

25   discrimination on the basis of physical and/or mental practices of Defendant as alleged herein

26   above, Plaintiff has been deprived of a discrimination-free work environment, lost income and

27   benefits, and suffered other damages to be determined at trial.

28       85.   As a further and direct result of the unlawful employment practices of

1  Defendant as alleged hereinabove, Plaintiff has suffered and continues to suffer emotional

2  distress, physical pain and suffering, and injuries in an amount to be proven at trial.

3       86.    The acts taken towards Plaintiff were carried out by Defendants' officers,

4  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

5  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

6  safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

7  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

8  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

9  Defendant in an amount to be established that is appropriate to punish each Defendant and

10 deter others from engaging in such conduct. As a further result of Defendant's violation of

11 FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

12                          **SIXTH CAUSE OF ACTION**

13 _____( Failure To Accommodate, Govt. Code §12940(m))

14    **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

15      87.    Plaintiffs hereby incorporate by reference as though fully set forth herein each

16 and every preceding paragraph.

17      88.    This cause of action is brought pursuant to the California Fair Employment and

18 Practices Act, section 12940(m) of the Government Code requiring accommodation of an

19 employee on the basis of disability and the corresponding regulations of the California

20 Department of Fair Employment and Housing.

21      89.    At all times mentioned in this complaint, Defendant NET regularly employed

22 five or more persons, bringing defendant within the provisions of section 12900 et seq. of the

23 Government Code prohibiting employers or their agents from  discriminating against

24 employees on the basis of disability.

25      90.    FEHA provides in pertinent part that employers must make reasonable

26 accommodations for employees' known physical or mental disabilities. Employers must engage

27 in a timely, good faith, interactive process with the employee to determine effective

28 reasonable accommodations.

91.   The actions and conduct of Defendant, as alleged herein above, constitute failure to accommodate and retaliation because of Plaintiff's work related injuries, in violation of FEHA.

92.   As a direct result of the unlawful employment practices of Defendant as alleged hereinabove, Plaintiff has lost income and benefits, and suffered other damages to be determined at trial.

93.   As a further and direct result of the unlawful employment practices of Defendant as alleged hereinabove, Plaintiff has suffered emotional distress, physical pain and suffering, and injuries in an amount to be proven at trial.

94.   The acts taken towards Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. As a further result of Defendant's violation of FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

### SEVENTH CAUSE OF ACTION

**_____( Failure To Engage In An Interactive Process, Govt. Code §12940(n))**

**(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

95.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and every preceding paragraph.

96.   This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940(n) of the Government Code requiring the employer to engage in the interactive process with an employee on the basis of disability and the corresponding regulations of the California Department of Fair Employment and Housing.

97.   At all times mentioned in this complaint, Defendant NET regularly employed

1  five or more persons, bringing defendant within the provisions of section 12900 et seq. of the

2  Government Code prohibiting employers or their agents from  discriminating against

3  employees on the basis of disability.

4       98.   FEHA provides in pertinent part that it is an unlawful practice for an employer

5  not to engage in the interactive process with an employee.

6       99.   Defendant's conduct, as alleged herein, constitutes failure to engage in the "good

7  faith" interactive process, in violation of FEHA.

8       100.   As a direct result of the unlawful employment practices of Defendant, as alleged

9  above, Plaintiff has been deprived of a discrimination-free work environment, lost income and

10  benefits, and suffered other damages to be determined at trial.

11       101.   As a further and direct result of the unlawful employment practices of Defendant

12  as alleged herein above, Plaintiff has suffered emotional distress, physical pain and suffering,

13  and injuries in an amount to be proven at trial.

14       102.    The acts taken towards Plaintiff were carried out by Defendants' officers,

15  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

16  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

17  safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

18  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

19  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

20  Defendant in an amount to be established that is appropriate to punish each Defendant and

21  deter others from engaging in such conduct. As a further result of Defendant's violation of

22  FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

23                    **EIGHTH CAUSE OF ACTION FOR**

24            **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

25        **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

26       103.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

27  and every preceding paragraph.

28       104.   The California Family Rights Act ("CFRA") provides that an employer must

reinstate an eligible employee on an approved CFRA leave to said employee's same position, or a comparable position, upon the termination of said employee's leave.

105.   Defendants were and are a covered employer under CFRA, Government Code § 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved CFRA leave for several serious work related health conditions under Government Code § 12945.2(c)(3)(A).

106.   Defendants violated the CFRA by, *inter alia,* refusing to allow Plaintiff to take CFRA leave because of her susceptibility to Covid-19.

107.   As a direct and proximate result of these Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

108.   As a further direct and proximate result of these Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

109.    The acts taken towards Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. As a further result of Defendant's violation of FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

<div style="text-align:center">

**NINTH CAUSE OF ACTION FOR**

**VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

**INTERFERENCE WITH EXERCISE OF FAMILY LEAVE RIGHTS**

**(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

</div>

110.     Plaintiffs hereby incorporate by reference as though fully set forth herein each and every preceding paragraph.

111.     The CFRA provides that an employer must provide an eligible employee with up to 12 workweeks of leave to care for a newborn child. The CFRA also requires the employer to guarantee the eligible employee the same or a comparable position upon the termination of the leave. Plaintiff is an eligible employee under the CFRA.

112.     Defendants interfered with Plaintiff's rights under the CFRA by, *inter alia,* denying Plaintiff to take CFRA leave when she provided appropriate medical documentation.

113.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

114.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

115.     The acts taken towards Plaintiff were carried out by Defendants' officers,

1  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

2  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

3  safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

4  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

5  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

6  Defendant in an amount to be established that is appropriate to punish each Defendant and

7  deter others from engaging in such conduct. As a further result of Defendant's violation of

8  FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

9  **TENTH CAUSE OF ACTION FOR**

10  **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT - RETALIATION**

11  **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

12

13  116.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

14  and every preceding paragraph.

15  117.   The CFRA also makes it unlawful for an employer to discriminate against or

16  retaliate against an employee who exercises her right to family care leave. Government Code

17  § 12945.2(1) ("It shall be an unlawful employment practice for an employer to refuse to hire, or

18  to discharge, fine, suspend, expel, or discriminate against, any individual because of ... [a]n

19  individual's exercise of the right to family care and medical leave."); *see also* 2 Cal. Code Regs.

20  § 11089( a)(2). Plaintiff is an eligible employee under the CFRA.

21  118.   Defendants retaliated against Plaintiff because she exercised her rights under the

22  CFRA by, *inter alia,* adversely affecting Plaintiff's employment after her request for  CFRA

23  leave.

24  119.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

25  special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an

26  amount according to proof at the time of trial. As a further direct and proximate result of

27  Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future

28

1  earnings, benefits, and/or other prospective damages in an amount according to proof at the time

2  of trial.

3       120.   As a further direct and proximate result of Defendants' conduct, Plaintiff has

4  suffered mental and emotional pain, distress and discomfort, all to her detriment and damage in

5  amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the

6  time of trial.

7       121.   The acts taken towards Plaintiff were carried out by Defendants' officers,

8  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

9  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

10  safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

11  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

12  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

13  Defendant in an amount to be established that is appropriate to punish each Defendant and

14  deter others from engaging in such conduct. As a further result of Defendant's violation of

15  FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

16  <div align="center">**ELEVENTH CAUSE OF ACTION**</div>

17  <div align="center">**(Failure to Prevent/Correct Discrimination, Govt. Code §12940(k))**</div>

18  <div align="center">**(By Evette Paredes As Against Defendant NET and DOES 1 through 100, Inclusive)**</div>

19       122.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

20  and every preceding paragraph.

21       123.   This action is brought pursuant to the California Fair Employment and Practices

22  Act, section 12940(k), which prohibits an employer from failing to take all reasonable steps

23  necessary to prevent and correct discrimination and harassment from occurring in the

24  workplace.

25       124.   At all times mentioned in this complaint, Defendant NET regularly

26  employed five or more persons, bringing defendant employer within the provisions of section

27  12900 et seq. of the Government Code prohibiting employers or their agents from

28  discriminating against employees on the basis of their opposing any employment practice

1  forbidden by FEHA.

2      125.  Defendants, and each of them, took no meaningful steps to halt or correct  the

3  race/national origin and disability discrimination of Plaintiff despite the open nature in which

4  Plaintiff was being discriminated against and despite being informed by Plaintiff that NET

5  employees were engaging in work-place discrimination and retaliation. Defendants, and each of

6  their, refusals to prevent such pervasive discrimination adversely affected the workplace.

7      126.  Despite the repeated aforementioned indications to Defendants that Plaintiff was

8  being retaliated and discriminated against, no action was taken to correct the situation.

9      127.  Plaintiff is informed and believes and thereon alleges that Defendants, and each

10  of them, took no corrective action to stop the retaliation and discrimination.  Defendants did not

11  talk to Plaintiff or investigate the false allegations thoroughly, nor were NET employees

12  disciplined and/or counseled for race, national origin and disability discrimination and

13  retaliation.

14      128.  Defendants violated NET policy regarding investigating complaints of

15  disability discrimination and retaliation.

16      129.  The managers, supervisors and/or agents of NET knew or should have known of

17  the discrimination and retaliation by NET employees against Plaintiff.  Such managers,

18  supervisors and/or agents failed to document the numerous incidents nor take any corrective

19  action.  Plaintiff was never informed that an investigation was conducted nor was Plaintiff

20  advised regarding the finding of such investigation.

21      130.  As a result of Defendants, and each of their, failures to correct the harassment and

22  discrimination, Plaintiff was subjected to disability discrimination and retaliation over the

23  period of time alleged herein.

24      131.  As a direct, foreseeable, and proximate result of Defendants', and each of their,

25  discriminatory acts, Plaintiff has greatly suffered and continue to suffer humiliation,

26  embarrassment, mental, physical and emotional distress and discomfort, all to Plaintiff's

27  damages in an amount in excess of $25,000.00, the precise amount of which will be proven at

28  trial.

132.     The acts taken towards Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. As a further result of Defendant's violation of FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

1. For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof;

2. For injunctive relief;

3. For statutory penalties, according to proof;

4. For general damages, according to proof;

5. For special damages, according to proof;

6. For attorney's fees, according to proof;

7. For prejudgment interest, according to proof;

8. For punitive and exemplary damages, according to proof;

9. For costs of suit incurred herein;

10. For declaratory relief; and,

11. For such other relief that the Court may deem just and proper.

///

///

///

///

///

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: May 17, 2021                    WYATT LAW

By: _____
     *Andrew Wyatt*
     ANDREW M. WYATT
     Attorney for Plaintiffs
     LYNDA MOREN, PATRICIA BROWN,
     EVETTE PAREDES

1
2
3
4
5
6
7
8
9
10
11
12
13
14          Exhibit "1"
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Evette Parades                                                       DFEH No. 202105-13583717

                                    Complainant,

vs.

National Express Transit, Inc.
5438 Victor Street
Bakersfiled, California 93308

                                    Respondents

---

**1.** Respondent **National Express Transit, Inc.** is an **employer National Express Transit, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Evette Parades**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **October 2, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used family care or medical leave (cfra) and as a result was denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** On October 2, 2020, Complainant obtained a medical note from her doctor, Katerina De Castro Llamas,  at Kaiser Permanente, stating that Complainant has "one or more of the medical conditions specified by thr CDC or DCPH that may increase the risk of serious complications due to Covid-19. Complainant gave it to Jorgensen requesting CFRA medical leave due to her susceptibility to Covid - 19. Jorgensen questioned Complainant to see why she was requesting the leave. Jorgensen did

-1-
*Complaint – DFEH No. 202105-13583717*

Date Filed: May 17, 2021

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

not accept the note. Despite being provided a doctor's note indicating that Complainant was requesting the leave because of her own vulnerabilities, Jorgensen told Complainant to get another note from Kaiser for Complainant's family, including Complainant's mother whom Jorgensen stated in a voicemail that Complainant was taking care of.  Complainant never heard back from Jorgensen or Human Resources and believes her request was denied. Complainant is informed and believes and thereon alleges that she was being targeted by Jorgensen and decided not to pursue the leave for fear of retaliation. Neither Jorgensen nor National Express Transit offered Complainant an accommodation nor entered into the interactive process.

Date Filed: May 17, 2021

VERIFICATION

I, **Andrew M. Wyatt**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 17, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-3-

*Complaint – DFEH No. 202105-13583717*

Date Filed: May 17, 2021

Exhibit "2"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 17, 2021

Evette Parades
,

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202105-13583717
      Right to Sue: Parades / National Express Transit, Inc.

Dear Evette Parades:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 17, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NATIONAL EXPRESS TRANSIT, INC., MICHELLE JORGENSEN,
and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES,

**ELECTRONICALLY FILED**
5/19/2021
**Kern County Superior Court**
**By Sophia Munoz Alvarez, Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Kern County Superior Court, Bakersfield<br>1415 Truxtun Avenue, Bakersfield, CA 93301 | BCV-21-101119 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wyatt Law, 20750 Ventura Boulevard, Suite 440, Woodland Hills, CA 91364 (818) 710-3813

| DATE:<br>*(Fecha)* 5/19/2021 | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  WYATT LAW
   20750 Ventura Boulevard, Suite 440
2  Woodland Hills, California 91364
   Telephone:    (818) 710-3813
3  Facsimile:     (818) 710-1938
   ANDREW M. WYATT, State Bar No. 158759

ELECTRONICALLY FILED
5/17/2021 5:21 PM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

4

5  Attorney for Plaintiffs,
   LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF KERN

10  LYNDA MOREN, PATRICIA  BROWN, )   CASE NO. BCV-21-101119
    EVETTE PAREDES,                            )
11                                             )   COMPLAINT FOR DAMAGES
                                               )
12             Plaintiffs,                     )   1.  Wrongful Termination in Violation of
                                               )       Public Policy;
13      vs.                                    )   2.  Violation of Cal. Labor Code § 1102.5
                                               )   3.  Violation of Cal. Labor Code § 232.5
14  NATIONAL EXPRESS TRANSIT, INC., )   4.  Violation of Cal. Labor Code § 6310
    MICHELLE JORGENSEN, and DOES 1 )   5.  Disability Discrimination
15  through 100, Inclusive,                    )       Govt. Code §12940(a)
                                               )   6.  Failure To Accommodate Disability
16             Defendants.                     )       Govt. Code §12940(m)
                                               )   7.  Failure To Engage In An Interactive
17                                             )       Process Govt. Code §12940(n)
                                               )   8.  Violation of the California Family
18                                             )       Rights Act
                                               )   9.  Violation of the California Family
19                                             )       Rights Act - Interference With Family
                                               )       Leave Rights
20                                             )   10. Violation of the California Family
                                               )       Rights Act - Retaliation
21                                             )   11. Failure to Prevent/Correct
                                               )       Discrimination Govt. Code §12940(k)
22                                             )
                                               )
23  _____ )
                                               )

24

25

26

27

28

                              1

1        Plaintiffs, LYNDA MOREN, SONYA GARCIA, DAVID BRADFORD,

2 PAT BROWN, EVETTE PAREDES, allege as follows:

3                         **GENERAL ALLEGATIONS**

4       1.     Plaintiffs, LYNDA MOREN, PATRICIA BROWN, EVETTE PAREDES,

5 [hereinafter "Plaintiffs"), individuals, are and were at all times mentioned herein working in the

6 State of California in the County of Kern.

7       2.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

8 herein, Defendant NATIONAL EXPRESS TRANSIT, INC., [hereinafter "NET" and/or

9 "Defendant"], is and was at all times mentioned herein a corporation, doing business in the

10 State of California, County of KERN. Defendant MICHELLE JORGENSEN, [hereinafter

11 "JORGENSEN" and/or "Defendant"], is and was at all times mentioned herein an individual,

12 working in the State of California, County of KERN.

13       3.     At all times mentioned herein, Defendants, and each of them, were the agents

14 and employees of each of the Defendants, and were at all times acting within the course and

15 scope of said agency and employment, and each Defendant has ratified and approved the acts of

16 his agent.

17       4.     That the true names and/or capacities, whether individual, corporate, associate,

18 governmental or otherwise of Defendants Does 1 through 100, inclusive, are unknown to

19 Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants

20 designated herein as a Doe is negligently or otherwise legally responsible in some manner for

21 the events and happenings herein referred to and thereby proximately caused injuries and

22 damages to the plaintiff as herein alleged. Plaintiffs will ask leave of the Court to amend this

23 complaint to show the true names and capacities of said DOES when the same have been

24 ascertained.

25       5.     Plaintiffs are informed and believe and thereon allege that each of the

26 fictitiously named defendants are responsible in some manner for the occurrences alleged in

27 this Complaint and the losses suffered by Plaintiffs, and that Plaintiffs' damages as alleged in

28 this Complaint were proximately caused by their conduct.

1      6.     Plaintiffs are informed and believe and thereon allege that at all times relevant to

2  this action, the Defendants and Does 1 through 100, inclusive, and each of them, were the

3  agents, representatives, partners and/or employees of one another, and in doing the things

4  hereinafter alleged, were acting within the course and scope of such authority and employment

5  and with the permission and consent of the Defendants. Plaintiffs are further informed and

6  believe and thereon allege that all actions of each Defendant was ratified by each other

7  Defendant.

## FACTUAL ALLEGATIONS

10      7. Lynda Moren, age 62, was a bus driver for Defendant.

11      8. On June 15th, 2020 Oscar the janitor was yelling at Lynda in the parking lot because

12  he thought she wasn't cleaning her bus. Lynda called Michelle Jorgensen, General Manager,

13  and asked her to come back into the yard as she was driving off. Jorgensen said no and that she

14  would talk to Oscar the next day.

15      9. On June 16th 2020, when Lynda clocked in, Jorgensen stated that she had two

16  reports from office people that Lynda was the one yelling and that all the trouble came from

17  her. Lynda filled out a report to Jorgensen's boss, Human Resources and Joe from Union.

18  From June 16th on, Jorgensen had the road supervisor, Alfonso Eustaquio Reyes, follow Lynda

19  on her route and watch everything she did.

20      10. Alfonso got on Lynda's bus on June 29th to do a driving evaluation on her. Lynda

21  asked him why because she had her yearly evaluation done on June 1st 2020 by TJ the safety

22  trainer.

23      11. Alfonso stated that Jorgensen told him he had to do an evaluation on Lynda every

24  three months. Lynda asked him why Alfonso stated he didn't know and was only doing what he

25  was told. He also stated that Lynda was the only one that he was doing this to.

26      12. On June 19th 2020, when she was preparing her bus, Lynda asked Dispatch a health

27  and safety question about where the Covid-19 masks for the passengers were as Jorgenden had

28  no masks on the buses to pass out.

1       13. Jorgensen was furious about Lynda asking about this and stated that she was firing

2   Lynda on Monday, June 22nd 2020. Lynda had to call Joe over because Jorgensen was not

3   letting up on her about the masks. Once Joe talked to her it stopped.

4       14. On July 9th 2020, Lynda was put on a very dangerous bus where the air brake

5   gauge dropped down to 70 lbs of pressure. Lynda told Jorgensen what her gauges were doing

6   and Jorgensen never told Lynda to bring the bus back. Lynda called the mechanic, Antonio,

7   when she got back into town. He told her to bring the bus back and that the bus was having that

8   same problem in the morning.

9       15. Jorgensen was having Oscar watering down disinfectant because her bonus was

10   coming up and she didn't want to cut into her budget, because, according to Jorgensen, at this

11   time corporate had cut everyone's pay in half because of the pandemic.

12       16. Lynda called the environmental health department two times in June because

13   Jorgensen was not addressing the proper cleaning of the buses, the social distancing on the

14   buses, and the masks or gloves. Once the health department came out, Jorgensen corrected the

15   issues.

16       17. Jorgesen was furious because the Department of Transportation came out once

17   Lynda called them. Also, Jorgensen was working drivers way over their 10 hour driving time

18   without meal breaks or without enough sleep.

19       18. Cal- OSHA was called twice because Jorgensen was still putting the drivers in

20   danger from the Covid-19 by not giving them the proper equipment (gloves, masks, and

21   cleaning products.) Lynda was called into her office and also into the hallway. Jorgensen stated

22   that she wanted Lynda to stop calling her boss. Jorgensen then stated that she hated all the

23   transit drivers.

24       19. Lynda was then terminated two weeks later. Lynda was terminated for allegedly

25   being on her cell phone and being on a bluetooth. Lynda doesn't own a bluetooth. She was

26   talking to herself on the bus and the strap of her sunglasses was behind her ear.

27       20. Jorgensen also accused Lynda of stealing time from the company because on July

28   13th she clocked out 1 hour to 1 and a half hour later. When Lynda came into the yard on July

1   13th, 2020, she filled out 2 reports. Jorgensen also pulled every one of Lynda's videos on all of

2   her routes. Other drivers have called Lynda that have done those same routes and have come in

3   late. Lynda was the only one Jorgensen targeted and they didn't have any reports to do.

4   Lynda was terminated from the job on July 29th 2020.

5       21.  On April 2nd 2020, Jorgensen was told  that drivers were asking about capacity is

6   on buses due to Covid -19.

7       22.  On April 15th 2020,  Jorgensen was told that employees were making Lysol wipes

8   and was bringing bottles of disinfectant to pass out to drivers on route so they could spray mid

9   route the buses. Drivers were told to clean buses mid route but they weren't provided bottles.

10      23.  On April 17th, 2020, Jorgensen was told that the Seek Riders were going to offer

11  free shields for the safety of the drivers. Jorgensen was given all the information and told that

12  they offered to sell masks and hand sanitizer due to it not being provided by company.

13      24.  On April 29th, 2020 the drivers were given masks and small bottles of home made

14  bottles of hand sanitizer

15      25.  The bus drivers were told by management that they would be supplied with Lysol

16  and other cleaning supplies, such as rubber gloves etc.

17      26 . The company has no oversight as to which driver(s) are actually disinfecting and

18  cleaning the buses properly.

19      27.  Patricia Brown, age 68, has an enlarged heart and liver.

20      28.  The drivers were told that it was mandatory for masks to be worn at all times in the

21  bus. Jorgensen told them that if the passengers don't have a mask, the driver was to send them

22  to the back of the bus.

23      29.   The drivers have had water downed cleaners and buses with fare boxes too close to

24  the driver's area.

25      30.   Management is aware of the situation and still is not requiring masks for

26  passengers. The Company is not providing enough PPE to make sure the drivers are safe .

27  Jorgensen  gave drivers sanitizer that was not even within the CDC guidelines and had the

28  drivers use Mr. Clean with no disinfectant to spray the buses.

1    31. Patricia has custody of her grandchildren and she is very fearful that due to the
2    company's neglect she will end up bringing Covid -19 home.

3    32. Evette Paredes, 34, is a bus driver. Evette has medical issues which makes her more
4    susceptible to Covid-19.

5    33. On October 2, 2020, Evette obtained a medical note from her doctor, Katerina De
6    Castro Llamas, at Kaiser Permanente, stating that Evette has "one or more of the medical
7    conditions specified by thr CDC or DCPH that may increase the risk of serious complications
8    due to Covid-19.

9    34. Evette gave it to Jorgensen requesting CFRA medical leave due to her
10   susceptibility to Covid - 19.

11   35. Jorgensen questioned Evette to see why she was requesting the leave. Jorgensen
12   did not accept the note.

13   36. Despite being provided a doctor's note indicating that Evette was requesting the
14   leave because of her own vulnerabilities, Jorgensen told Evette to get another note from Kaiser
15   for Evette's family, including Evette's mother whom Jorgensen stated in a voicemail that
16   Evette was taking care of.

17   37. Evette never heard back from Jorgensen or Human Resources and believes her
18   request was denied.

19   38. Evette is informed and believes and thereon alleges that she was being targeted by
20   Jorgensen and decided not to pursue the leave for fear of retaliation.

21   39. Neither Jorgensen nor National Express Transit offered Evette an accommodation
22   nor entered into the interactive process.

23   40. On May 17, 2021, Evette filed a Charge of Discrimination with the Department of
24   Fair Employment and Housing (hereinafter "DFEH"), a true and correct copy of the charge is
25   attached to this complaint as Exhibit "1" and are incorporated by reference. The DFEH issued a
26   right to sue letter on May 17, 2021, a true and correct copy of the notice is attached to this
27   complaint as Exhibit "2" and are incorporated by reference.

28

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(By Lynda Moren As to Defendant NET and DOES 1 – 25)**

41.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and every preceding paragraph.

42.   At all times mentioned, the public policy of the State of California, as expressed and mandated in the March 4, 2020 Executive Order N-22-20 and in the March 19, 2020 Executive Order N-33-20, is to promote the public health and safety and to minimize and mitigate the spread of COVID-19. To further this public policy, the March 4, 2020 Executive Order authorizes state and local public health officials to issue guidance limiting public assembly.  Further, to promote the above public policy, Executive Order N-33-20 expressly mandates all individuals living in the State of California to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors (referred to herein as "Essential Workers"). Under the March 19, 2020 Executive Order, "Essential Workers" consist only of those belonging to the following sectors: healthcare and public health; transportation systems; information technology; water; nuclear reactors; materials and waste; food and agriculture; energy; financial; emergency services; defense industrial base; dams; critical manufacturing; commercial facilities' chemical; and communications. Accordingly, it was and is the public policy of the State of California that an employer may not terminate or otherwise take adverse employment action against an employee who is not an Essential Worker for disclosing information about the employee's working conditions; for working or asking to work only at the employee's place of residence; or for otherwise voicing concerns to the employer reasonably believed by the employee to promote the public health and safety and to minimize and mitigate the spread of COVID-19. Plaintiff, Lynda Moren, as a public transit employee who drove a bus, was an essential worker.

43.   Further, the public policy of the State of California, as set forth in Cal. Labor Code § 1102.5(b), is that an employer may not retaliate against, terminate, or create intolerable work conditions for an employee disclosing information that the employee has reasonable cause

1    to believe is a violation of or noncompliance with a local, state, or federal rule, order, or

2    regulation. Similarly, the public policy of the State of California, as set forth in Cal. Labor

3    Code § 1102.5(c), is that an employer may not retaliate against an employee for refusing to

4    participate in an activity that would result in a violation of state or federal statute, or a violation

5    of or noncompliance with a local, state, or federal rule, order, or regulation.

6        44.   In addition, it was and is the public policy of the State of California, as set forth in

7    Cal. Labor Code § 232.5, that an employer may not discharge, terminate, formally discipline, or

8    otherwise discriminate against an employee who discusses or information about the employer's

9    working conditions.

10       45.   It was and is the public policy of the State of California, as set forth in Cal. Labor

11    Code § 6310 that an employer shall not discharge or in any manner discriminate against any

12    employee making complaints about health and safety in the workplace to the employer.

13       46.   Here, Defendants terminated Plaintiff, Lynda Moren,  on the grounds described

14    and prohibited by the public policies listed above, thereby wrongfully contravening the public

15    policy of the State of California as provided under Executive Order N-22-20, Executive Order

16    N-33-20, Cal. Labor Code § 1102.5, in Cal. Labor Code § 232.5, and Cal. Labor Code § 6310.

17       47.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiff

18    has suffered actual, consequential, and incidental financial losses, including for example and

19    without limitation, loss of salary and benefits, as well as the intangible loss of employment

20    related opportunities in the field and damage to Plaintiff's professional reputation, all in an

21    amount subject to proof at the time of trial. Plaintiff also claims such amounts as damages

22    pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other provision of law providing

23    for prejudgment interest. Plaintiff has suffered, and continues to suffer, substantial losses

24    related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in

25    seeking to compel Defendant to fully perform their obligation under state law and her

26    respective damage amounts according to proof at the time of trial.

27       48.   Further, as a proximate result of the aforesaid acts of Defendants, and each of

28    them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental

1   anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is

2   informed and believes and thereupon alleges that she will continue to experience said physical

3   and emotional suffering for a period in the future not presently ascertainable, all in an amount

4   subject to proof at the time of trial.

5       49.   The acts taken toward Plaintiff were carried out by Defendants' officers,

6   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

7   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

8   safety of Plaintiff, and in direct violation of California law and Public Policy. Each Defendant

9   aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful

10   conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages

11   against each Defendant in an amount to be established that is appropriate to punish each

12   Defendant and deter others from engaging in such conduct.

13   <center>**SECOND CAUSE OF ACTION**</center>

14   <center>**VIOLATION OF CAL. LABOR CODE § 1102.5**</center>

15   <center>**(Against All Defendant and DOES 1 – 25)**</center>

16       50.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

17   every preceding paragraph.

18       51.   Plaintiffs are informed and believe, and thereon allege, that employers, as defined

19   in Cal. Labor Code § 6304, are prohibited from taking any actions prohibited in Cal. Labor

20   Code § 1102.5 against any employees, including former employees, which Plaintiffs are

21   informed and believe, and thereon allege, are included in the definition of Cal. Labor Code §

22   6304.1.

23       52.   Cal. Labor Code § 1102.5(b) states an employer, or any person acting on behalf of

24   the employer, shall not retaliate against an employee for disclosing information, or because the

25   employer believes that the employee disclosed or may disclose information, to a government or

26   law enforcement agency, to a person with authority over the employee or another employee

27   who has the authority to investigate, discover, or correct the violation or noncompliance, or for

28   providing information to, or testifying before, any public body conducting an investigation,

<center>9</center>
<center>COMPLAINT FOR DAMAGES</center>

1  hearing, or inquiry, if the employee has reasonable cause to believe that the information

2  discloses a violation of state or federal statute, or a violation of or noncompliance with a local,

3  state, or federal rule, order, or regulation, regardless of whether disclosing the information is

4  part of the employee's job duties.

5      53.   Cal. Labor Code § 1102.5(c) prohibits an employer, or any person acting on

6  behalf of the employer, from retaliating against an employee for refusing to participate in an

7  activity that would result in a violation of state or federal statute, or a violation of or

8  noncompliance with a local, state, or federal rule, order, or regulation.

9      54.   Defendants retaliated against Plaintiffs and then unlawfully terminated Plaintiff,

10  Lynda Moren, after she complained about ongoing dangerous working conditions associated

11  with the ongoing COVID-19 pandemic. Plaintiffs reasonably believed the conduct they were

12  reporting as illegal was in fact illegal and violated local, state, and/or federal rules, regulations,

13  orders, and/or laws.

14      55.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

15  have suffered actual, consequential, and incidental financial losses, including for example and

16  without limitation, loss of salary and benefits, as well as the intangible loss of employment

17  related opportunities in the field and damage to Plaintiff' Lynda Moren's professional

18  reputation, all in an amount subject to proof at the time of trial. Plaintiffs also claim such

19  amounts as damages pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other

20  provision of law providing for prejudgment interest. Plaintiffs have suffered, and continue to

21  suffer, substantial losses related to the loss of wages and are entitled to recover costs and

22  expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation

23  under state law and their respective damage amounts according to proof at the time of trial.

24      56.   Further, as a proximate result of the aforesaid acts of Defendants, and each of

25  them, Plaintiffs have suffered and continues to suffer emotional distress, humiliation, mental

26  anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff are

27  informed and believe and thereupon allege that they will continue to experience said physical

28  and emotional suffering for a period in the future not presently ascertainable, all in an amount

1    subject to proof at the time of trial.

2          57.   The acts taken toward Plaintiffd were carried out by Defendants' officers,

3    directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

4    deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

5    safety of Plaintiffs, and in direct violation of California law. Each Defendant aided, abetted,

6    participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

7    above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

8    Defendant in an amount to be established that is appropriate to punish each Defendant and

9    deter others from engaging in such conduct.

10         58.   Plaintiffs will also seek a $10,000 civil penalty pursuant to Cal. Labor Code §

11   1102.5(f), along with any additional applicable remedies, costs, or attorneys' fees available

12   under Cal. Labor Code §§ 2699 and 2699.3.

13                              **THIRD CAUSE OF ACTION**

14                    **VIOLATION OF CAL. LABOR CODE § 232.5**

15                    **(Against Defendant NET and DOES 1 – 25)**

16         59.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

17   every preceding paragraph.

18         60.   Plaintiff are informed and believe, and thereon allege, that employers, as defined

19   in Cal. Labor Code § 6304, are prohibited from taking any actions prohibited in Cal. Labor

20   Code § 232.5 against any employees, including former employees, which Plaintiffs are

21   informed and believe, and thereon allege, are included in the definition of Cal. Labor Code §

22   6304.1.

23         61.   An employer may not require as condition of employment that an employee refrain

24   from disclosing information about the employer's working conditions. Cal. Labor Code §

25   232.5(a). An employer also may not discharge, formally discipline, or otherwise discriminate

26   against an employee who discloses information about the employer's working conditions. Cal.

27   Labor Code § 232.5(c).

28         62.   Defendant unlawfully retaliated against, discriminated against Plaintiffs, and

---

11

1   terminated Plaintiff Lynda Moren's employment in violation of law due to Plaintiff's disclosing

2   of the Defendant's working conditions.

3       63.  As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

4   have suffered actual, consequential, and incidental financial losses, including for example and

5   without limitation, loss of salary and benefits, as well as the intangible loss of employment

6   related opportunities in the field and damage to Plaintiff's professional reputation, all in an

7   amount subject to proof at the time of trial. Plaintiffs also claim such amounts as damages

8   pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other provision of law providing

9   for prejudgment interest. Plaintiffs have suffered, and continues to suffer, substantial losses

10   related to the loss of wages and are entitled to recover costs and expenses and attorney's fees in

11   seeking to compel Defendant to fully perform their obligation under state law and their

12   respective damage amounts according to proof at the time of trial.

13       64.  Further, as a proximate result of the aforesaid acts of Defendants, and each of

14   them, Plaintiff have suffered and continue to suffer emotional distress, humiliation, mental

15   anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff are

16   informed and believes and thereupon alleges that she will continue to experience said physical

17   and emotional suffering for a period in the future not presently ascertainable, all in an amount

18   subject to proof at the time of trial.

19       65.  The acts taken toward Plaintiffs were carried out by Defendants' officers, directors,

20   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

21   egregious, and inexcusable manner and in conscious disregard for the rights and safety of

22   Plaintiffs, and in direct violation of California law. Each Defendant aided, abetted, participated

23   in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.

24   Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant

25   in an amount to be established that is appropriate to punish each Defendant and deter others

26   from engaging in such conduct.

27       66.  As a proximate result of the actions described above, which constitute violations

28   of Cal. Labor Code § 6310, Plaintiff has been damaged in an amount according to proof at the

1  time of trial and seeks any applicable civil penalties and attorney fees against Defendants,

2  available under Cal. Labor Code §§ 2699 and 2699.3.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE § 6310

### (Against Defendant NET and DOES 1 – 25)

6       67.   Plaintiffs hereby incorporate by reference as though fully set forth herein each and

7  every preceding paragraph.

8       68.   Cal. Labor Code § 6310 prohibits employers from discharging, constructively

9  discharging, retaliating or in any manner discriminating against any employee for making any

10  oral or written health and/or safety complaint, or complaint regarding working conditions, to a

11  governmental agency, or their employer.

12      69.   Plaintiffs are informed and believe, and thereon alleges, that employers, as defined

13  in Cal. Labor Code § 6304, are prohibited from taking any actions described in Cal. Labor

14  Code § 6310 against any employees, including former employees, which Plaintiffs are informed

15  and believe, and thereon allege, are included in the definition of Cal. Labor Code § 6304.1.

16      70.   Defendants, and each of them, retaliated against Plaintiff, terminated  Plaintiff

17  Lynda Moren's employment after she made oral and/or written complaints regarding the health,

18  safety and/or working conditions to Defendant, her employer, by and through their agents and

19  employees.

20      71.   Plaintiff are informed and believe, and thereon allege that because of their making

21  complaints regarding the safety and/or working conditions to Defendant, Plaintiffs were either

22  retaliated against or terminated from employment by Defendant.

23      72.   As a proximate result of aforesaid acts of Defendants, and each of them, Plaintiffs

24  have suffered actual, consequential, and incidental financial losses, including for example and

25  without limitation, loss of salary and benefits, as well as the intangible loss of employment

26  related opportunities in the field and damage to Plaintiff Lynda Moren's professional

27  reputation, all in an amount subject to proof at the time of trial. Plaintiffs also claim such

28  amounts as damages pursuant to Cal. Civil Code § 3287 and/or § 3288 and/or any other

provision of law providing for prejudgment interest. Plaintiffs have suffered, and continue to suffer, substantial losses related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law and their respective damage amounts according to proof at the time of trial.

73.    Further, as a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiffs are informed and believes and thereupon alleges that they will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

74.    The acts taken toward Plaintiffs were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

75.  As a proximate result of the actions described above, which constitute violations of Cal. Labor Code § 6310, Plaintiffs have been damaged in an amount according to proof at the time of trial and seeks any applicable civil penalties and attorney fees against Defendants, available under Cal. Labor Code §§ 2699 and 2699.3.

### FIFTH CAUSE OF ACTION

_____( Disability Discrimination, Govt. Code §12940(a))

**(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

76.    Plaintiffs hereby incorporate by reference as though fully set forth herein each and every preceding paragraph.

77.    This cause of action is brought pursuant to the California Fair Employment and P

1    ractices Act, section 12940(a) of the Government Code prohibiting discrimination of an

2    employee on the basis of disability and the corresponding regulations of the California

3    Department of Fair Employment and Housing.

4        78.    At all times mentioned in this complaint, Defendant NET regularly employed five

5    or more persons, bringing defendant within the provisions of section 12900 et seq. of the

6    Government Code prohibiting employers or their agents from  discriminating against

7    employees on the basis of disability.

8        79.    The conduct and communication of Defendants, and each of them, substantially

9    interfered with the employment of Plaintiff and created an intimidating, hostile and offensive

10   environment.

11       80.    Defendants, and each of their, failures to take corrective action as alleged in this \

12   complaint created a hostile work environment which constitutes an unlawful employment

13   practice in violation of section 12940(a) of the Government Code.

14       81.    As a direct, foreseeable and proximate result of Defendants' discriminatory acts,

15   Plaintiff has greatly suffered and continue to suffer substantial losses in earnings and job

16   benefits and has suffered and continues to suffer humiliation, embarrassment, mental,

17   emotional and physical distress, and discomfort, all to Plaintiff's damages in an amount in

18   excess of $25,000.00, the precise amount to be determined at trial.

19       82.    FEHA provides in pertinent part that it is an unlawful practice for an employer to

20   discriminate against any individual on the basis of the individual's physical or mental

21   disability.

22       83.    The actions and conduct of Defendant, as disability against Plaintiff, in violation

23   of FEHA.

24       84.    As a direct result of the unlawful employment  alleged hereinabove, constitute

25   discrimination on the basis of physical and/or mental practices of Defendant as alleged herein

26   above, Plaintiff has been deprived of a discrimination-free work environment, lost income and

27   benefits, and suffered other damages to be determined at trial.

28       85.    As a further and direct result of the unlawful employment practices of

1   Defendant as alleged hereinabove, Plaintiff has suffered and continues to suffer emotional

2   distress, physical pain and suffering, and injuries in an amount to be proven at trial.

3        86.    The acts taken towards Plaintiff were carried out by Defendants' officers,

4   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

5   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

6   safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

7   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

8   above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

9   Defendant in an amount to be established that is appropriate to punish each Defendant and

10  deter others from engaging in such conduct. As a further result of Defendant's violation of

11  FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

12  **SIXTH CAUSE OF ACTION**

13  _____( **Failure To Accommodate, Govt. Code §12940(m)**)

14  **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

15       87.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

16  and every preceding paragraph.

17       88.   This cause of action is brought pursuant to the California Fair Employment and

18  Practices Act, section 12940(m) of the Government Code requiring accommodation of an

19  employee on the basis of disability and the corresponding regulations of the California

20  Department of Fair Employment and Housing.

21       89.   At all times mentioned in this complaint, Defendant NET regularly employed

22  five or more persons, bringing defendant within the provisions of section 12900 et seq. of the

23  Government Code prohibiting employers or their agents from discriminating against

24  employees on the basis of disability.

25       90.   FEHA provides in pertinent part that employers must make reasonable

26  accommodations for employees' known physical or mental disabilities. Employers must engage

27  in a timely, good faith, interactive process with the employee to determine effective

28  reasonable accommodations.

1      91.   The actions and conduct of Defendant, as alleged herein above, constitute failure

2  to accommodate and retaliation because of Plaintiff's work related injuries, in violation of

3  FEHA.

4      92.   As a direct result of the unlawful employment practices of Defendant as alleged

5  hereinabove, Plaintiff has lost income and benefits, and suffered other damages to be

6  determined at trial.

7      93.   As a further and direct result of the unlawful employment practices of Defendant

8  as alleged hereinabove, Plaintiff has suffered emotional distress, physical pain and suffering,

9  and injuries in an amount to be proven at trial.

10      94.   The acts taken towards Plaintiff were carried out by Defendants' officers,

11  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

12  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

13  safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

14  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

15  above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

16  Defendant in an amount to be established that is appropriate to punish each Defendant and

17  deter others from engaging in such conduct. As a further result of Defendant's violation of

18  FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

19                    **SEVENTH CAUSE OF ACTION**

20         **( Failure To Engage In An Interactive Process, Govt. Code §12940(n))**

21   **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

22      95.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

23  and every preceding paragraph.

24      96.   This cause of action is brought pursuant to the California Fair Employment and

25  Practices Act, section 12940(n) of the Government Code requiring the employer to engage in

26  the interactive process with an employee on the basis of disability and the corresponding

27  regulations of the California Department of Fair Employment and Housing.

28      97.   At all times mentioned in this complaint, Defendant NET regularly employed

1   five or more persons, bringing defendant within the provisions of section 12900 et seq. of the

2   Government Code prohibiting employers or their agents from discriminating against

3   employees on the basis of disability.

4       98.   FEHA provides in pertinent part that it is an unlawful practice for an employer

5   not to engage in the interactive process with an employee.

6       99.   Defendant's conduct, as alleged herein, constitutes failure to engage in the "good

7   faith" interactive process, in violation of FEHA.

8       100.   As a direct result of the unlawful employment practices of Defendant, as alleged

9   above, Plaintiff has been deprived of a discrimination-free work environment, lost income and

10   benefits, and suffered other damages to be determined at trial.

11       101.   As a further and direct result of the unlawful employment practices of Defendant

12   as alleged herein above, Plaintiff has suffered emotional distress, physical pain and suffering,

13   and injuries in an amount to be proven at trial.

14       102.   The acts taken towards Plaintiff were carried out by Defendants' officers,

15   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

16   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

17   safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

18   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

19   above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

20   Defendant in an amount to be established that is appropriate to punish each Defendant and

21   deter others from engaging in such conduct. As a further result of Defendant's violation of

22   FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

23   <div align="center">**EIGHTH CAUSE OF ACTION FOR**</div>

24   <div align="center">**VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**</div>

25   <div align="center">**(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**</div>

26       103.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

27   and every preceding paragraph.

28       104.   The California Family Rights Act ("CFRA") provides that an employer must

1    reinstate an eligible employee on an approved CFRA leave to said employee's same position, or

2    a comparable position, upon the termination of said employee's leave.

3         105.   Defendants were and are a covered employer under CFRA, Government Code

4    § 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an eligible employee on an

5    approved CFRA leave for several serious work related health conditions under Government

6    Code § 12945.2(c)(3)(A).

7         106.   Defendants violated the CFRA by, *inter alia,* refusing to allow Plaintiff to take

8    CFRA leave because of her susceptibility to Covid-19.

9         107.   As a direct and proximate result of these Defendants' conduct, Plaintiff has

10   suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in

11   an amount according to proof at the time of trial. As a further direct and proximate result of

12   these Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost

13   future earnings, benefits, and/or other prospective damages in an amount according to proof at

14   the time of trial.

15

16        108.   As a further direct and proximate result of these Defendants' conduct, Plaintiff

17   has suffered mental and emotional pain, distress, and discomfort, all to her detriment and

18   damage in amounts not fully ascertained but within the jurisdiction of this court and subject to

19   proof at the time of trial.

20        109.   The acts taken towards Plaintiff were carried out by Defendants' officers,

21   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

22   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

23   safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

24   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

25   above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

26

27

28

1    Defendant in an amount to be established that is appropriate to punish each Defendant and

2    deter others from engaging in such conduct. As a further result of Defendant's violation of

3    FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

### NINTH CAUSE OF ACTION FOR

### VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### INTERFERENCE WITH EXERCISE OF FAMILY LEAVE RIGHTS

**(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

110.    Plaintiffs hereby incorporate by reference as though fully set forth herein each
and every preceding paragraph.

111.    The CFRA provides that an employer must provide an eligible employee with up
to 12 workweeks of leave to care for a newborn child. The CFRA also requires the employer to
guarantee the eligible employee the same or a comparable position upon the termination of the
leave. Plaintiff is an eligible employee under the CFRA.

112.    Defendants interfered with Plaintiff's rights under the CFRA by, *inter alia,*
denying Plaintiff to take CFRA leave when she provided appropriate medical documentation.

113.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered
special damages in the form of lost earnings, benefits and/or out-of-pocket expenses in an
amount according to proof at the time of trial. As a further direct and proximate result of
Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future
earnings, benefits, and/or other prospective damages in an amount according to proof at the
time of trial.

114.    As a further direct and proximate result of Defendants' conduct, Plaintiff has
suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage
in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at
the time of trial.

115.    The acts taken towards Plaintiff were carried out by Defendants' officers,

1    directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

2    deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

3    safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

4    participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

5    above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

6    Defendant in an amount to be established that is appropriate to punish each Defendant and

7    deter others from engaging in such conduct. As a further result of Defendant's violation of

8    FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

9                            **TENTH CAUSE OF ACTION FOR**

10         **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT - RETALIATION**

11          **(By Evette Paredes Against Defendant NET and DOES 1 through 100, Inclusive)**

12

13         116.    Plaintiffs hereby incorporate by reference as though fully set forth herein each

14    and every preceding paragraph.

15         117.    The CFRA also makes it unlawful for an employer to discriminate against or

16    retaliate against an employee who exercises her right to family care leave. Government Code

17    § 12945.2(1) ("It shall be an unlawful employment practice for an employer to refuse to hire, or

18    to discharge, fine, suspend, expel, or discriminate against, any individual because of ... [a]n

19    individual's exercise of the right to family care and medical leave."); *see also* 2 Cal. Code Regs.

20    § 11089(a)(2). Plaintiff is an eligible employee under the CFRA.

21         118.    Defendants retaliated against Plaintiff because she exercised her rights under the

22    CFRA by, *inter alia,* adversely affecting Plaintiff's employment after her request for  CFRA

23    leave.

24         119.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

25    special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an

26    amount according to proof at the time of trial. As a further direct and proximate result of

27    Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future

28

1  earnings, benefits, and/or other prospective damages in an amount according to proof at the time

2  of trial.

3      120.   As a further direct and proximate result of Defendants' conduct, Plaintiff has

4  suffered mental and emotional pain, distress and discomfort, all to her detriment and damage in

5  amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the

6  time of trial.

7      121.   The acts taken towards Plaintiff were carried out by Defendants' officers,

8  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

9  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

10 safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

11 participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

12 above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

13 Defendant in an amount to be established that is appropriate to punish each Defendant and

14 deter others from engaging in such conduct. As a further result of Defendant's violation of

15 FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

16                          **ELEVENTH CAUSE OF ACTION**

17            **(Failure to Prevent/Correct Discrimination, Govt. Code §12940(k))**

18       **(By Evette Paredes As Against Defendant NET and DOES 1 through 100, Inclusive)**

19     122.   Plaintiffs hereby incorporate by reference as though fully set forth herein each

20 and every preceding paragraph.

21     123.   This action is brought pursuant to the California Fair Employment and Practices

22 Act, section 12940(k), which prohibits an employer from failing to take all reasonable steps

23 necessary to prevent and correct discrimination and harassment from occurring in the

24 workplace.

25     124.   At all times mentioned in this complaint, Defendant NET regularly

26 employed five or more persons, bringing defendant employer within the provisions of section

27 12900 et seq. of the Government Code prohibiting employers or their agents from

28 discriminating against employees on the basis of their opposing any employment practice

1  forbidden by FEHA.

2  125. Defendants, and each of them, took no meaningful steps to halt or correct  the
3  race/national origin and disability discrimination of Plaintiff despite the open nature in which
4  Plaintiff was being discriminated against and despite being informed by Plaintiff that NET
5  employees were engaging in work-place discrimination and retaliation. Defendants, and each of
6  their, refusals to prevent such pervasive discrimination adversely affected the workplace.

7  126. Despite the repeated aforementioned indications to Defendants that Plaintiff was
8  being retaliated and discriminated against, no action was taken to correct the situation.

9  127. Plaintiff is informed and believes and thereon alleges that Defendants, and each
10  of them, took no corrective action to stop the retaliation and discrimination.  Defendants did not
11  talk to Plaintiff or investigate the false allegations thoroughly, nor were NET employees
12  disciplined and/or counseled for race, national origin and disability discrimination and
13  retaliation.

14  128. Defendants violated NET policy regarding investigating complaints of
15  disability discrimination and retaliation.

16  129. The managers, supervisors and/or agents of NET knew or should have known of
17  the discrimination and retaliation by NET employees against Plaintiff.  Such managers,
18  supervisors and/or agents failed to document the numerous incidents nor take any corrective
19  action. Plaintiff was never informed that an investigation was conducted nor was Plaintiff
20  advised regarding the finding of such investigation.

21  130. As a result of Defendants, and each of their, failures to correct the harassment and
22  discrimination, Plaintiff was subjected to disability discrimination and retaliation over the
23  period of time alleged herein.

24  131. As a direct, foreseeable, and proximate result of Defendants', and each of their,
25  discriminatory acts, Plaintiff has greatly suffered and continue to suffer humiliation,
26  embarrassment, mental, physical and emotional distress and discomfort, all to Plaintiff's
27  damages in an amount in excess of $25,000.00, the precise amount of which will be proven at
28  trial.

1    132.    The acts taken towards Plaintiff were carried out by Defendants' officers,

2    directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

3    deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

4    safety of Plaintiff, and in direct violation of California law. Each Defendant aided, abetted,

5    participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

6    above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each

7    Defendant in an amount to be established that is appropriate to punish each Defendant and

8    deter others from engaging in such conduct. As a further result of Defendant's violation of

9    FEHA, Plaintiff has been compelled to employ attorney's fees pursuant to Gov. Code §12965.

10    **PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiffs prays for judgment as follows:

12    1. For all actual, consequential and incidental financial losses, including, but not limited to, loss

13    of earnings and employee benefits, according to proof;

14    2. For injunctive relief;

15    3. For statutory penalties, according to proof;

16    4. For general damages, according to proof;

17    5. For special damages, according to proof;

18    6. For attorney's fees, according to proof;

19    7. For prejudgment interest, according to proof;

20    8. For punitive and exemplary damages, according to proof;

21    9. For costs of suit incurred herein;

22    10. For declaratory relief; and,

23    11. For such other relief that the Court may deem just and proper.

24    ///

25    ///

26    ///

27    ///

28    ///

1                           DEMAND FOR JURY TRIAL

2   Plaintiffs hereby demand a trial by jury.

3   DATED: May 17, 2021              WYATT LAW

4

5                        *Andrew Wyatt*
                  By: _____

6                     ANDREW M. WYATT
                    Attorney for Plaintiffs

7                     LYNDA MOREN, PATRICIA BROWN,
                    EVETTE PAREDES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "1"

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5

Evette Parades                                              DFEH No. 202105-13583717

6

Complainant,

7

vs.

8

National Express Transit, Inc.
5438 Victor Street

9

Bakersfiled, California 93308

10

Respondents

11

_____

12

**1.** Respondent **National Express Transit, Inc.** is an **employer National Express Transit,**

13

**Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code,
§ 12900 et seq.).

14

15

**2.** Complainant **Evette Parades**, resides in the City of , State of .

16

17

**3.** Complainant alleges that on or about **October 2, 2020**, respondent took the
following adverse actions:

18

19

**Complainant was discriminated against** because of complainant's disability (physical or
mental) and as a result of the discrimination was denied family care or medical leave (cfra).

20

21

**Complainant experienced retaliation** because complainant requested or used family care
or medical leave (cfra) and as a result was denied reasonable accommodation for a
disability, denied family care or medical leave (cfra).

22

23

**Additional Complaint Details:** On October 2, 2020, Complainant obtained a medical note
from her doctor, Katerina De Castro Llamas, at Kaiser Permanente, stating that

24

Complainant has "one or more of the medical conditions specified by thr CDC or DCPH that
may increase the risk of serious complications due to Covid-19. Complainant gave it to

25

Jorgensen requesting CFRA medical leave due to her susceptibility to Covid - 19.

26

Jorgensen questioned Complainant to see why she was requesting the leave. Jorgensen did

27

28

Date Filed: May 17, 2021

1    not accept the note. Despite being provided a doctor's note indicating that Complainant was
requesting the leave because of her own vulnerabilities, Jorgensen told Complainant to get
2    another note from Kaiser for Complainant's family, including Complainant's mother whom
Jorgensen stated in a voicemail that Complainant was taking care of.  Complainant never
3    heard back from Jorgensen or Human Resources and believes her request was denied.
Complainant is informed and believes and thereon alleges that she was being targeted by
4    Jorgensen and decided not to pursue the leave for fear of retaliation. Neither Jorgensen nor
National Express Transit offered Complainant an accommodation nor entered into the
5    interactive process.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                 -2-
            *Complaint – DFEH No. 202105-13583717*

28    Date Filed: May 17, 2021

1  VERIFICATION

2  I, **Andrew M. Wyatt**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On May 17, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Woodland Hills, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                               -3-
                          *Complaint – DFEH No. 202105-13583717*

28  Date Filed: May 17, 2021

1
2
3
4
5
6
7
8
9
10
11
12
13                         Exhibit "2"
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 17, 2021

Evette Parades

,

RE:  **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202105-13583717
      Right to Sue: Parades / National Express Transit, Inc.

Dear Evette Parades:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective May 17, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete. To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

MAY 19, 2021
BY _Sophia Munoz Alvarez_ DEPUTY

| | |
|---|---|
| **PLAINTIFF/PETITIONER:**<br> **LYNDA MOREN**<br> **PATRICIA BROWN**<br> **EVETTE PAREDES**<br> **DEFENDANT/RESPONDENT:**<br> **NATIONAL EXPRESS TRANSIT, INC.**<br> **MICHELLE JORGENSEN** | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br> **NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br> **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br> BCV-21-101119 |

By order of the presiding judge, the above entitled case is assigned to the Honorable David R. Lampe for all purposes. It will be managed on the direct calendar program in Bakersfield Department 11 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **DRL** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **September 01, 2021** in **Bakersfield Department 11** at **9:15 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David R. Lampe on **November 15, 2021** at **9:15AM** in **Bakersfield Department 11** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

Date:  May 19, 2021

By: _____ _Sophia Munoz Alvarez_ _____

Sophia Munoz Alvarez, Deputy Clerk

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

MOREN ET AL VS NATIONAL EXPRESS TRANSIT, INC. ET AL
BCV-21-101119

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable David R. Lampe as monitoring judge.

Judge David R. Lampe has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 11. This will involve all cases in which the clerk has assigned the initials DRL to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-868-5414.    Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm.  Click on the Non-Criminal Case Information link to enter the case number.  Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge David R. Lampe.  However, those cases that do not settle will be set for trial before him/her.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

MOREN ET AL VS NATIONAL EXPRESS TRANSIT, INC. ET AL
BCV-21-101119

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:        May 19, 2021

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  May 19, 2021

By:        *Sophia Munoz Alvarez*

Sophia Munoz Alvarez, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

# EXHIBIT C

1    SEYFARTH SHAW LLP
     Jamie C. Pollaci (SBN 244659)
2    jpollaci@seyfarth.com
     Shardé T. Skahan (SBN 286157)
3    sskahan@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
5    Facsimile:    (310) 201-5219

6

7    Attorneys for Defendants
     NATIONAL EXPRESS TRANSIT CORPORATION
8    (erroneously sued as NATIONAL EXPRESS TRANSIT,
     INC.) and MICHELLE JORGENSEN

9

ELECTRONICALLY FILED
7/14/2021 12:15 PM
Kern County Superior Court
By Vanesa Jackson, Deputy

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF KERN

12

13

14   LINDA MOREN, PATRICIA BROWN, EVETTE
     PAREDES,
15
                     Plaintiffs,
16
            v.
17
     NATIONAL EXPRESS TRANSIT, INC.,
18   MICHELLE JORGENSEN, and DOES 1 through
     100, inclusive,
19
                     Defendants.
20

     Case No. BCV-21-101119 DRL

     **DEFENDANT NATIONAL EXPRESS
     TRANSIT CORPORATION'S ANSWER
     TO UNVERIFIED COMPLAINT OF
     PLAINTIFFS MOREN AND PAREDES
     ONLY**

     Complaint Filed:   May 17, 2021
     Trial Date:        None Set

21

22

23

24

25

26

27

28

---

DEFENDANT NATIONAL EXPRESS TRANSIT CORPORATION'S ANSWER TO COMPLAINT OF PLAINTIFFS
MOREN AND PAREDES ONLY

72406360v.3

Defendant NATIONAL EXPRESS TRANSIT CORPORATION (erroneously sued as "National Express Transit, Inc.") (hereafter referred to as "National Express" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer to the Complaint of Plaintiffs LINDA MOREN and EVETTE PAREDES only[1] ("Plaintiffs") and state as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action brought by Plaintiffs in the Complaint, and without limiting the generality of the foregoing, deny that Plaintiffs have been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure To State A Cause Of Action - All Causes Of Action)

1.      Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

### (Statute Of Limitations - All Causes Of Action)

2.      Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Civil Code sections 335.1, 338 and 340, and Government Code sections 12960 and 12965.

---

[1] Plaintiff Patricia Brown has failed to state any viable claim against National Express.  Accordingly, National Express will be moving to dismiss the claims of Plaintiff Patricia Brown.

2

**THIRD DEFENSE**

**(Failure To Exhaust Administrative Remedies - All Causes Of Action)**

3.      Plaintiffs' claims, in whole or in part, are barred because Plaintiffs have failed to exhaust their administrative remedies or to comply with the statutory prerequisites for bringing suit under the California Labor Code, California Government Code, and/or National Labor Relations Act.

**FOURTH DEFENSE**

**(Laches - All Causes Of Action)**

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches because Plaintiffs delayed unreasonably in bringing their claims.

**FIFTH DEFENSE**

**(Waiver - All Causes Of Action)**

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTH DEFENSE**

**(Estoppel - All Causes Of Action)**

6.      Because of Plaintiffs' own acts or omissions, Plaintiffs are barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

**SEVENTH DEFENSE**

**(Unclean Hands - All Causes Of Action)**

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

**(Ratification - All Causes Of Action)**

8.      Plaintiffs' Complaint and each cause of action alleged therein, is barred on the ground that Plaintiffs ratified Defendant's alleged actions.

## NINTH DEFENSE

### (Failure To Mitigate Damages - All Causes Of Action)

9.      Defendant alleges, based on information and belief, that Plaintiffs had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiffs suffered any damages as a result of the facts alleged in their Complaint, which Defendant denies, Plaintiffs are not entitled to recover the amount of damages alleged or any damages due to their failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiffs are barred in whole or in part from recovery of damages from Defendant.

## TENTH DEFENSE

### (Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)

10.      To the extent any of Defendants' employees or agents engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiffs, Defendant is not liable for any such discrimination, retaliation, or harassment or Plaintiffs' damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## ELEVENTH DEFENSE

### (Workers' Compensation Preemption - All Causes Of Action)

11.      Plaintiffs' claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq*., inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiffs undertaken in the course and scope of their alleged employment with Defendant, and injuries alleged by Plaintiffs to have been proximately caused by their employment with Defendant.

## TWELFTH DEFENSE

### (After-Acquired Evidence - All Causes Of Action)

12.     Plaintiffs' claims are barred, or their damages, if any, are limited, to the extent Plaintiffs engaged in any misconduct of which Defendant was unaware that provides independent legal cause for the changes in their employment.

## THIRTEENTH DEFENSE

### (Prompt Remedial Action - All Causes Of Action)

13.     Defendant took prompt and appropriate corrective action in response to Plaintiffs' complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiffs, if any at all.

## FOURTEENTH DEFENSE

### (Legitimate Non-Discriminatory Actions - All Causes of Action)

14.     Plaintiffs' claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiffs' employment.

## FIFTEENTH DEFENSE

### (Mixed Motive - All Causes Of Action)

15.     Even if Plaintiffs should prove that their alleged disability or any other protected status was a substantial factor motivating the challenged employment actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

## SIXTEENTH DEFENSE

### (Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)

16.     To the extent that Plaintiffs seek punitive or exemplary damages in their Complaint, they violate the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and

Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## SEVENTEENTH DEFENSE

### (Setoff And Recoupment - All Causes Of Action)

17.     To the extent a court holds that Plaintiffs are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiffs owed to Defendant against any judgment that may be entered against Defendant.

## EIGHTEENTH DEFENSE

### (Offset - All Causes Of Action)

18.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiffs received from any source under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## NINETEENTH DEFENSE

### (Managerial Privilege - All Causes Of Action)

19.     Any injuries Plaintiffs sustained as a result of any action by Defendant is barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

## TWENTIETH DEFENSE

### (Adequate Legal Remedy - All Causes Of Action)

20.     Plaintiffs' request for injunctive relief is improper because Plaintiffs have an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Contributory Fault - All Causes Of Action)

21.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' own contributory and/or comparative fault.

**TWENTY-SECOND DEFENSE**

**(Outside Course and Scope of Employment - All Causes Of Action)**

22.     Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred as against Defendant, to the extent that the actions of its agents, employees, and representatives, if the actions occurred, were not actions taken with the course and scope of their employment.

**TWENTY-THIRD DEFENSE**

**(Independent Reasons - Second Cause of Action)**

23.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that retaliatory reasons had been a contributing factor in any decisions toward Plaintiffs, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiffs in any case for legitimate, independent reasons. *See* Lab. Code § 1102.6.

**TWENTY-FOURTH DEFENSE**

**(Health and Safety - Fifth Through Eleventh Causes of Action)**

24.     Plaintiff Paredes' claims are barred in whole or in part to the extent that Plaintiff Paredes could not perform the essential duties of her position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

**TWENTY-FIFTH DEFENSE**

**(Failure to Comply with CFRA - Eighth Through Tenth Causes of Action)**

25.     Plaintiff Paredes' Complaint, and each cause of action contained therein, is barred to the extent Plaintiff Paredes did not comply with the prerequisites for taking leave under the California Family Rights Act, California Government Code section 12945.2.

**TWENTY-SIXTH DEFENSE**

**(Not Eligible For CFRA - Eighth Through Tenth Causes of Action)**

26.     Plaintiff Paredes' Complaint, and each cause of action contained therein, is barred because, to the extent Plaintiff Paredes alleges she was denied leave pursuant to the California Family Rights Act ("CFRA"), Plaintiff Paredes was not eligible for CFRA leave.

72406360v.3

**TWENTY-SEVENTH DEFENSE**

**(Failure to Engage In The Interactive Process - Fifth Through Eleventh Causes of Action)**

27.     Plaintiff Paredes' Complaint, and each cause of action contained therein, is barred to the extent Plaintiff Paredes failed to engage in a timely, good faith, interactive process with National Express to determine effective reasonable accommodations for her purported disabilities.

**TWENTY-EIGHTH DEFENSE**

**(Good Faith Reasonable Accommodation - Fifth Through Eleventh Causes of Action)**

28.     Assuming, arguendo, that Plaintiff Paredes was disabled and National Express was aware of the disability, Plaintiff Paredes' claims are barred because National Express made a good-faith effort to engage in the interactive process with her to make a reasonable accommodation to the extent possible in light of business needs and necessities.

**TWENTY-NINTH DEFENSE**

**(Not Qualified - Fifth Through Eleventh Causes of Action)**

29.     Plaintiff Paredes' Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff Paredes was not qualified to perform the essential job duties of her position with or without reasonable accommodation.

**THIRTIETH DEFENSE**

**(Undue Hardship - Fifth Through Eleventh Causes of Action)**

30.     Plaintiff Paredes' Complaint, and each cause of action contained therein, is barred to the extent Plaintiff Paredes' requested accommodations were unreasonable and would have imposed an undue hardship on National Express.

**THIRTY-FIRST DEFENSE**

**(LMRA - All Causes of Action)**

31.     Plaintiffs' Complaint, and each cause of action contained therein, is preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 to the extent their claims arise out of or depend on a collective bargaining agreement or the interpretation of a collective bargaining agreement.

### THIRTY-SECOND DEFENSE

### (Collective Bargaining Agreement Preemption - All Causes of Action)

32.     Plaintiffs' Complaint, and each cause of action contained therein, is barred because the grievance and arbitration provisions of the collective bargaining agreement constitute the exclusive procedure for resolution of some or all of the claims alleged in the Complaint.

### THIRTY-THIRD DEFENSE

### (Failure to Exhaust Remedies Under CBA - All Causes of Action)

33.     Plaintiffs' Complaint, and each cause of action contained therein, is barred to the extent Plaintiffs were, at all times, employees, the terms and conditions of whose employment was covered by a collective bargaining agreement.  Accordingly, Plaintiffs' exclusive remedy for some or all of the wrongs alleged in the Complaint are contained in the collective bargaining agreement, which Plaintiffs have failed to exhaust.

### THIRTY-FOURTH DEFENSE

### (No Private Right of Action - Third and Fourth Causes of Action)

34.     Plaintiffs' Complaint, and each cause of action contained therein, is barred because there is no private right of action under California Labor Code §§ 232.5 and 6310.

### RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiffs' claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

1    3.    That Defendant be awarded reasonable attorneys' fees according to proof;

2    4.    That Defendant be awarded costs of suit incurred herein; and

3    5.    That Defendant be awarded such other and further relief as the Court may deem

4    appropriate.

5

6    DATED:  July 14, 2021                    Respectfully submitted,

7                                             SEYFARTH SHAW LLP

8

9    By: _____

10                                           Jamie C. Pollaci
                                             Shardé T. Skahan
11                                           Attorneys for Defendants
                                             NATIONAL EXPRESS TRANSIT CORPORATION
12                                           (erroneously sued as NATIONAL EXPRESS
                                             TRANSIT, INC.) and MICHELLE JORGENSEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NATIONAL EXPRESS TRANSIT CORPORATION'S ANSWER TO COMPLAINT OF PLAINTIFFS
MOREN AND PAREDES ONLY

72406360v.3

**PROOF OF SERVICE**

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | )   SS |
| COUNTY OF LOS ANGELES | ) |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On July 14, 2021, I served the within document(s):

**DEFENDANT NATIONAL EXPRESS TRANSIT CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT OF PLAINTIFFS MOREN AND PAREDES ONLY**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| WYATT LAW | *Attorney to Plaintiffs LINDA MOREN,* |
| Andrew M. Wyatt, Esq. | *PATRICIA BROWN, EVETTE* |
| 20750 Ventura Boulevard, Suite 440 | *PAREDES* |
| Woodland Hills, California 91364 | |
| | Telephone:   (818) 710-3813 |
| Email: wyattlawyers@gmail.com | Facsimile:   (818) 710-1938 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 14, 2021, at Los Angeles, California.


Patricia Cloutier

DEFENDANT NATIONAL EXPRESS TRANSIT CORPORATION'S ANSWER TO COMPLAINT OF PLAINTIFFS MOREN AND PAREDES ONLY

72406360v.3